■ KATHLEEN P. ALTRO, Respondent, et al., Plaintiff, v WAL-MART STORES, INC., Appellant. [723 NYS2d 213] —In an action to recover damages for personal injuries, etc., the defendant ap-

peals from (1) an order of the Supreme Court, Orange County (Slobod, J.), dated December 14, 1999, which denied its motion pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiff Kathleen Pallone Altro and against it on the grounds that it was against the weight of the evidence and that the amount of damages awarded was excessive, and (2) a judgment of the same court, dated January 6, 2000, which, upon the denial of its motion, in effect, pursuant to CPLR 4401 made at the close of the evidence by the plaintiff Kathleen Pallone Altro for judgment in its favor as a matter of law, and upon a jury verdict, is in favor of that plaintiff and against it in the principal sum of $256,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the motion, in effect, pursuant to CPLR 4401 made at the close of the respondent's evidence for judgment in the appellant's favor as a matter of law is granted, the order dated December 14, 1999, is vacated, and the complaint insofar as asserted by the respondent is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [a] defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837). The respondent's testimony established that she slipped on an ice patch that was neither visible nor apparent. Therefore, she failed to establish that the appellant had constructive notice of the condition that allegedly caused her injuries (see, Gordon v American Museum of Natural History, supra, at 837). The respondent also failed to present evidence that would support a finding that the appellant had actual notice of the ice patch or had caused the ice patch to form. Therefore, the trial court should have granted the appellant's motion, in effect, pursuant to CPLR 4401 made at the close of the respondent's evidence for judgment in its favor as a matter of law (see, Cohen v Hallmark Cards, 45 NY2d 493, 499; Nicastro v Park, 113 AD2d 129, 132).

In light of this determination, the appellant's remaining

contentions are academic. Altman, J. P., McGinity, Luciano and H. Miller, JJ., concur.