■  Sheron Stackhouse, Respondent, v Fairfield Presidential Associates, LP, et al., Appellants. [830 NYS2d 247]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated October 7, 2005, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Fairfield Presidential Associates, LP, and Fairfield Presidential Management Corp.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the defendants Fairfield Presidential Associates, LP, and Fairfield Presidential Management Corp. is granted.

"Where there are several possible causes of an injury, for one

of which the defendant is not responsible, and it is just as probable that the injury was the result of one cause as the other, the plaintiff cannot recover without proving the injury was sustained wholly or in part by a cause for which the defendant was responsible" (*Howerter v Dugan,* 232 AD2d 524, 525 [1996]). The plaintiff's deposition testimony was confusing and imprecise. She failed to specify the condition which caused her to fall. Although the plaintiff alleged that she slipped and fell because of a structural defect in an exterior step in front of the premises where she resided, she also indicated that the accident may have resulted from an accumulation of ice at that location. Since the plaintiff did not allege that the accumulation of ice resulted from any negligence on the part of the defendants Fairfield Presidential Associates, LP, and Fairfield Presidential Management Corp., the plaintiff cannot recover against them. Rivera, J.P., Santucci, Skelos and McCarthy, JJ., concur.