■ MAX GERSHFELD et al., Appellants, v MARINE PARK FUNERAL HOME, INC., Respondent. [879 NYS2d 549]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Martin, J.), dated January 2, 2008, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered February 25, 2008, which, upon the order, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff Max Gershfeld (hereinafter the injured plaintiff) allegedly slipped and fell on ice on an exterior mat abutting one of the entrances to the defendant's premises. At a deposition, the injured plaintiff stated that the ice was clear and not visible until it was touched. The defendant subsequently moved for summary judgment, contending that it did not create the alleged defect or have actual or constructive notice of it. The Supreme Court granted the motion and subsequently entered a judgment in favor of the defendant and against the plaintiffs, dismissing the complaint. We affirm.

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create the alleged defect or have actual or constructive notice of it (*see Christal v Ramapo Cirque Homeowners Assoc.,* 51 AD3d 846 [2008]; *Kaplan v DePetro,* 51 AD3d 730 [2008]; *Makaron v Luna Park Hous. Corp.,* 25 AD3d 770 [2006]; *Zabbia v Westwood, LLC,* 18 AD3d 542 [2005]; *Murphy v 136 N. Blvd. Assoc.,* 304 AD2d 540 [2003]; *Carricato v Jefferson Val. Mall Ltd. Partnership,* 299 AD2d 444 [2002]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact. The plaintiffs' contention that the icy condition formed as a result of the defendant's negligent snow removal efforts is speculative (*see Robinson v Trade Link Am.,* 39 AD3d 616 [2007]). Additionally, a general awareness that a hazardous condition may be present is insufficient to establish notice (*see Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 969 [1994]). Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.