■ TARA SPINOCCIA, Appellant, v FAIRFIELD BELLMORE AVE-NUE, LLC, Respondent. [943 NYS2d 601]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated September 22, 2010, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on a small patch of black ice in a parking lot located within an apartment complex owned by the defendant.

A property owner will be held liable for damages sustained in a slip-and-fall accident "only when it created the dangerous condition which caused the accident or had actual or constructive notice thereof" (*Robinson v Trade Link Am.*, 39 AD3d 616, 616-617 [2007]; *see Zabbia v Westwood, LLC*, 18 AD3d 542, 544 [2005]).

The defendant made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that it neither created nor had actual or constructive notice of the icy condition alleged to have caused the plaintiff's fall (*see Christal v Ramapo Cirque Homeowners Assoc.*, 51 AD3d 846 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Gjoni v 108 Rego Devs. Corp.*, 48 AD3d 514, 515 [2008]). The plaintiff did not contend that the defendant created the icy condition. Furthermore, there was no proof to support the

plaintiff's contention that the defendant had actual or constructive notice of the ice patch. Both the plaintiff and a representative of the defendant testified at their depositions that they did not see the patch of ice at any time before the accident. In addition, the affidavit of the plaintiff's expert did not establish when or how the subject ice patch developed. Under these circumstances, any finding as to when the ice patch developed, and consequently, whether there was adequate time to discover and remedy the situation, could only be based on speculation (*see Makaron v Luna Park Hous. Corp.*, 25 AD3d 770 [2006]; *Murphy v 136 N. Blvd. Assoc.*, 304 AD2d 540, 540-541 [2003]; *Carricato v Jefferson Val. Mall Ltd. Partnership*, 299 AD2d 444 [2002]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]). Rivera, J.P., Chambers, Roman and Sgroi, JJ., concur.