■ WENDY SILVA-CARPANZANO, Respondent, v SCOTT SCHECTER et al., Appellants. [963 NYS2d 389]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Loehr, J.), entered December 5, 2011, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

On a January evening at 6:30 p.m., the plaintiff was leaving the defendants' home when she allegedly slipped and fell on ice on an exterior step which was part of a walkway connecting the front door to the abutting sidewalk. Snow had fallen two days earlier, and one of the defendants had shoveled and salted the walkway, placing one to two inches of snow on the grass to the side of the walkway steps. The plaintiff worked for the defendants as a child-care provider, and at her deposition she testified that, in the days before her fall, she did not complain to the defendants of any hazardous conditions. At the time of her fall, the walkway appeared to be clear and she did not see any ice, but she felt ice on the ground with her hands after she fell. The defendants both testified at their depositions that they had used the walkway without incident on the day of the plaintiff's fall, and the defendant who had shoveled the walkway had used it within a half hour prior to the plaintiff's fall.

Based upon the foregoing deposition testimony, the defend-

ants established their prima facie entitlement to judgment as a matter of law by demonstrating that they neither created nor had actual or constructive notice of the alleged icy condition (*see Mayo v Cedar Manor Mut. Hous. Corp.*, 96 AD3d 913 [2012]; *Gershfeld v Marine Park Funeral Home, Inc.*, 62 AD3d 833, 834 [2009]; *Simon v PABR Assoc., LLC*, 61 AD3d 663, 664 [2009]; *Kaplan v DePetro*, 51 AD3d 730, 731 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the icy condition formed as a result of the defendants' negligent snow removal efforts, which created a foreseeable risk of melting and refreezing snow, was based on speculation and unsupported by the record (*see Spinoccia v Fairfield Bellmore Ave., LLC*, 95 AD3d 993, 993-994 [2012]; *Gershfeld v Marine Park Funeral Home, Inc.*, 62 AD3d at 834; *Simon v PABR Assoc., LLC*, 61 AD3d at 664-665; *Kaplan v DePetro*, 51 AD3d at 731). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Skelos, J.P., Angiolillo, Roman and Cohen, JJ., concur.