In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Woodard, J.), dated March 5, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff commenced this action after he allegedly slipped and fell on “black ice” on the defendant’s property. The plaintiff alleged that water was dripping onto the area where the alleged hazardous condition was located as a result of a defective and *801 unnecessary gutter, which was full of ice. The plaintiff testified at his deposition that it had been drizzling for three to five days prior to his accident, and that it was drizzling at the time of the accident. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.
A real property owner or a party in possession or control of real property will be held liable for injuries sustained in a slip- and-fall accident involving snow and ice on its property only if it created the dangerous condition or had actual or constructive notice of the condition (see Spinoccia v Fairfield Bellmore Ave., LLC, 95 AD3d 993 [2012]; Flores v BAJ Holding Corp., 94 AD3d 945 [2012]; Cantwell v Fox Hill Community Assn., Inc., 87 AD3d 1106 [2011]). “Where the facts proven show that there are several possible causes of an injury, for one or more of which the defendant was not responsible, and it is just as reasonable and probable that the injury was the result of one cause as the other, plaintiff cannot have a recovery, since he [or she] has failed to prove that the negligence of the defendant caused the injury” (Ingersoll v Liberty Bank of Buffalo, 278 NY 1, 7 [1938]; see Bernstein v City of New York, 69 NY2d 1020, 1021-1022 [1987]; Stackhouse v Fairfield Presidential Assoc., LP, 37 AD3d 590, 590-591 [2007]; Reagan v Hartsdale Tenants Corp., 27 AD3d 716, 718 [2006]).
Here, the defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that he did not create the alleged hazardous condition or have actual or constructive notice of it (see Spinoccia v Fairfield Bellmore Ave., LLC, 95 AD3d 993 [2012]; Murphy v 136 N. Blvd. Assoc., 304 AD2d 540 [2003]; Carricato v Jefferson Val. Mall Ltd. Partnership, 299 AD2d 444 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact. Given the weather conditions at the time of the accident, it would require impermissible speculation to conclude that the ice on which the plaintiff allegedly slipped was created by water dripping from the gutter on the defendant’s property (see Montas v JJC Constr. Corp., 20 NY3d 1016 [2013]; Picerno v New York City Tr. Auth., 4 AD3d 349 [2004]; Jones v City of New York, 289 AD2d 452 [2001]). Accordingly, the Supreme Court properly granted the defendant’s motion for summary judgment dismissing the complaint. Mastro, J.E, Hall, Lott and Sgroi, JJ., concur.