In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J), dated February 29, 2012, which granted the motion of the defendants Hariri Realty Associates, Inc., and Jen-Kev Management, LLC, for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is affirmed, with costs.
The plaintiff alleged that he slipped and fell on a patch of ice in a parking lot of a shopping center owned by the defendant Hariri Realty Associates, Inc. (hereinafter Hariri), and managed by the defendant Jen-Kev Management, LLC (hereinafter Jen-Kev). “[Ojwners of real property onto which members of the public are invited have a nondelegable duty to provide the public with reasonably safe premises and a safe means of ingress and egress” (Sarisohn v 341 Commack Rd., Inc., 89 AD3d 1007, 1008 [2011]). A property owner will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice thereof (see Gushin v Whispering Hills Condominium I, 96 AD3d 721 [2012]; Littleton v *898 Amberland Owners, Inc., 94 AD3d 953, 954 [2012]; Cantwell v Fox Hill Community Assn., Inc., 87 AD3d 1106 [2011]; Sut v City Cinemas Corp., 71 AD3d 759 [2010]; Medina v La Fiura Dev. Corp., 69 AD3d 686 [2010]).
Hariri and Jen-Kev established their prima facie entitlement to judgment as a matter of law by demonstrating that they neither created nor had actual or constructive notice of the icy condition alleged to have caused the plaintiffs fall. The plaintiff failed to raise a triable issue of fact in opposition (see Gordon v American Museum of Natural History, 67 NY2d 836 [1986]; Kaplan v DePetro, 51 AD3d 730, 731 [2008]; Fung v Japan Airlines Co., Ltd., 51 AD3d 861, 862 [2008]). The plaintiffs theory that the ice resulted from piled snow that melted and then re-froze was speculative and, thus, insufficient to raise a triable issue of fact (see Spinoccia v Fairfield Bellmore Ave., LLC, 95 AD3d 993, 994 [2012]; Gershfeld v Marine Park Funeral Home, Inc., 62 AD3d 833, 834 [2009]; Fung v Japan Airlines Co., Ltd., 51 AD3d at 862; Zabbia v Westwood, LLC, 18 AD3d 542, 544 [2005]).
Accordingly, the Supreme Court properly granted the motion of Hariri and Jen-Kev for summary judgment dismissing the complaint insofar as asserted against them. Angiolillo, J.P., Chambers, Sgroi and Cohen, JJ., concur.