■ CHRISTOPHER D. DEVLIN, Appellant, v SUCO SELIMAJ et al., Respondents. [986 NYS2d 149]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered April 19, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on a patch of ice on a sidewalk in front of a townhouse, which was owned by the defendant Suco Selimaj. The defendant Bruno & Sons, Inc., of which Selimaj was the sole shareholder, operated a restaurant, the defendant Club A Steak House (hereinafter Club A), in the townhouse. The plaintiff commenced this action against the defendants to recover damages for his personal injuries, claiming that the defendants created the alleged icy condition by hosing down the sidewalk area in front of Club A after it closed, allowing for ice to form. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

"A real property owner or a party in possession or control of real property will be held liable for injuries sustained in a slip-and-fall accident involving snow and ice on its property only if it created the dangerous condition or had actual or constructive notice of the condition" (*Morreale v Esposito*, 109 AD3d 800, 801 [2013]; *see Smith v Hariri Realty Assoc., Inc.*, 109 AD3d 897, 897-898 [2013]; *Gushin v Whispering Hills Condominium I*, 96 AD3d 721, 721 [2012]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they neither created nor had actual or constructive notice of the icy condition alleged to have caused the plaintiff's fall. In support of the defendants' motion for summary judgment, Selimaj submitted an affidavit indicating that he was present at Club A on the evening of the plaintiff's accident, that at no time during the evening did he notice any water or icy condition on the sidewalk in front of Club A, and that no employee mentioned that there was any water or icy condition on the sidewalk that evening. Selimaj's affidavit also indicated that it was the defendants' custom and practice to refrain from using a hose to clean the sidewalk when the temperature was below 35 degrees, and that the defendants followed that custom and practice on the evening of the plaintiff's alleged accident. The defendants also submitted a certified weather report from the National Oceanic and Atmospheric Administration which demonstrated that the temperature never exceeded 28 degrees on the day of the accident. In opposition, the plaintiff failed to raise a triable issue of fact (*see Tompa v 767 Fifth Partners, LLC*, 113 AD3d 466 [2014]; *see also Smith v Hariri Realty Assoc., Inc.*, 109 AD3d at 898; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]). The plaintiff's theory that the ice could have resulted from Club A's employees hosing down the sidewalk after the restaurant closed at approximately one hour prior to the accident was speculative and, thus, insufficient to raise a triable issue of fact. Specifically, the plaintiff failed to submit any evidence that an employee was observed hosing down the subject sidewalk prior to the accident or that the defendants deviated from their custom and practice of not using a hose to clean the sidewalk when the temperature was below 35 degrees (*see Tompa v 767 Fifth Partners, LLC*, 113 AD3d 466 [2014]; *Smith v Hariri Realty Assoc., Inc.*, 109 AD3d at 898).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Hall, Austin and Duffy, JJ., concur.