■ JOAN KULCHINSKY et al., Appellants, v CONSUMERS WAREHOUSE CENTER, INC., et al., Respondents. [21 NYS3d 721]—

In an action to recover damages for personal injuries, etc.,

the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Tarantino, Jr., J.), dated December 11, 2014, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Joan Kulchinsky (hereinafter the plaintiff), alleged that she slipped and fell on ice in a parking lot of a Consumers Warehouse Center store owned and operated by the defendants. The plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

As the proponent of the motion for summary judgment, the defendants had the burden of establishing, prima facie, that they neither created the icy condition nor had actual or constructive notice of the condition (*see Shea v Massapequa Union Free Sch. Dist.*, 117 AD3d 817 [2014]; *Smith v Hariri Realty Assoc., Inc.*, 109 AD3d 897 [2013]; *Silva-Carpanzano v Schecter*, 105 AD3d 1030, 1031 [2013]; *Spinoccia v Fairfield Bellmore Ave., LLC*, 95 AD3d 993 [2012]). To provide constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see Altro v Wal-Mart Stores*, 282 AD2d 487, 488 [2001]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they neither created nor had actual or constructive notice of the icy condition alleged to have caused the plaintiff's fall. In support of their motion for summary judgment, the defendants submitted the transcript of the deposition testimony of the plaintiff, who testified that she did not see the ice at any time prior to her fall. The defendants also submitted the transcript of the deposition testimony of the store manager, who testified that after the plaintiff's accident, he observed the surface of the parking lot, which had been plowed and sanded, and it appeared to be clear, and he did not observe any ice in the area of the plaintiff's alleged fall.

In opposition, the plaintiff's affidavit failed to raise a triable issue of fact as to whether the icy condition was visible or apparent, or whether it existed for a sufficient amount of time for the defendants to discover and remedy it prior to the plaintiff's accident (*see Spinoccia v Fairfield Bellmore Ave., LLC*, 95 AD3d

at 994; *Gjoni v 108 Rego Devs. Corp.*, 48 AD3d 514 [2008]; *Murphy v 136 N. Blvd. Assoc.*, 304 AD2d 540, 540-541 [2003]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.