■ DORSIA HALL, Appellant, v STAPLES THE OFFICE SUPERSTORE EAST, INC., et al., Respondents. [22 NYS3d 568]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Adler, J.), dated November 13, 2014, which granted the defendants' motion for summary judgment dismissing the amended complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on black ice on the parking lot of the premises of the defendants Staples the Office Superstore East, Inc., and Staples, Inc. (hereinafter together Staples). Staples had retained the defendants Dent Enterprises, Inc., and Dentco (hereinafter together Dentco) to provide, inter alia, snow and ice removal services. Dentco, in turn, had retained the defendants Nick's Landscaping and Nicolo R. Troiani, doing business as Nick's Landscaping (hereinafter together Troiani), to perform the snow and ice removal services. The plaintiff subsequently commenced this action against the defendants. The defendants moved for summary judgment dismissing the amended complaint. The Supreme Court granted the motion.

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against Staples by demonstrating that Staples did not create the alleged hazardous condition or have actual or constructive notice of it (*see Cuillo v Fairfield Prop. Servs., L.P.*, 112 AD3d 777, 778 [2013]; *Murphy v 136 N. Blvd. Assoc.*, 304 AD2d 540 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact. Significantly, the plaintiff testified at her deposition that she did not notice any ice in the area where she fell prior to her fall, and that she safely traversed the same area only minutes before the accident occurred. In view of this testimony, as well as the other facts and circumstances of this case, the plaintiff's contention that Staples had notice of the black ice or that this condition was

the result of improper snow removal was conclusory and speculative, and thus insufficient to raise a triable issue of fact (*see Cuillo v Fairfield Prop. Servs., L.P.*, 112 AD3d at 778; *Sweeney v Doria*, 95 AD3d 1298, 1299 [2012]; *Robinson v Trade Link Am.*, 39 AD3d 616, 617 [2007]).

The defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against Dentco and Troiani by demonstrating that the plaintiff was not a party to Dentco's service agreement with Staples and that the plaintiff was not a party to Troiani's snow removal service agreement with Dentco (*see Glover v John Tyler Enters., Inc.*, 123 AD3d 882 [2014]; *Diaz v Port Auth. of NY & NJ*, 120 AD3d 611 [2014]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact as to whether these defendants launched a force or instrument of harm by creating or exacerbating the icy condition on which she allegedly fell (*see Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 361 [2007]; *Diaz v Port Auth. of NY & NJ*, 120 AD3d at 612).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the amended complaint. Mastro, J.P., Rivera, Leventhal and Duffy, JJ., concur.