■ ROSEANN FERRO, Appellant, v 43 BRONX RIVER ROAD et al., Respondents, et al., Defendants. [32 NYS3d 581]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated February 3, 2015, which granted the motion of the defendants 43 Bronx River Road, 43 Bronx River Road Owners, Inc., and Prime Locations, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff, a tenant of an apartment building located at 43 Bronx River Road in Yonkers, commenced this action to recover damages for personal injuries she sustained when she allegedly slipped and fell on a patch of ice in the parking lot adjacent to the building, which was owned and operated by the defendants 43 Bronx River Road, 43 Bronx River Road Owners, Inc., and Prime Locations, Inc. (hereinafter collectively the defendants). The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion.

A defendant property owner moving for summary judgment in an action to recover damages for personal injuries sustained in a slip-and-fall accident has the initial burden of establishing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Dhu v New York City Hous. Auth., 119 AD3d 728, 729 [2014]; Hall v Staples the Off. Superstore E., Inc., 135 AD3d 706, 706 [2016]; Spinoccia v Fairfield Bellmore Ave., LLC, 95 AD3d 993, 993 [2012]). "To provide constructive notice, 'a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it' " (Kulchinsky v Consumers Warehouse Ctr., Inc., 134 AD3d 1068, 1069 [2015], quoting Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; see Farren v Board of Educ. of City of N.Y., 119 AD3d 518, 519 [2014]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that

they neither created nor had actual or constructive notice of the ice condition that allegedly caused the plaintiff to fall. The deposition testimony of both the plaintiff and the building's superintendent, which was submitted in support of the motion, established that neither had observed any ice in the location of the plaintiff's fall at any time prior to or after the accident. The plaintiff also testified that she safely traversed the lot to reach her car minutes before her fall and was walking the same route to return to the apartment building when she fell. The building's superintendent testified that he applied salt to the parking lot 3½ hours prior to the accident and inspected the lot 1½ hours prior to the accident and did not observe any ice at that time. His deposition also demonstrated that the defendants did not receive any complaints of an ice condition in the parking lot prior to the plaintiff's accident.

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff submitted no evidence to suggest that patches of ice existed in the parking lot at the time of the superintendent's inspection 1½ hours prior to her accident or that ice could have formed a sufficient amount of time after that inspection and before her accident in order for the defendants to have discovered and remedied the condition. The plaintiff's contention that ice in the lot could have been discovered and remedied prior to her fall is speculative and fails to raise a triable issue of fact (see *Hall v Staples the Off. Superstore E., Inc.*, 135 AD3d at 706-707; *Spinoccia v Fairfield Bellmore Ave., LLC*, 95 AD3d at 993-994; *Kaplan v DePetro*, 51 AD3d 730, 731 [2008]; *see also Farren v Board of Educ. of City of N.Y.*, 119 AD3d 518, 520 [2014]; *Silva-Carpanzano v Schecter*, 105 AD3d 1030, 1031 [2013]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Leventhal, J.P., Roman, Hinds-Radix and Brathwaite Nelson, JJ., concur.