■ NISSIM SOMEKH, Appellant, v VALLEY NATIONAL BANK et al., Respondents. (And a Third-Party Action.) [57 NYS3d 487]—

In a consolidated action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Livote, J.), entered October 14, 2015, as granted those branches of the

separate motions of the defendants Valley National Bank, Valley National Bancorp., and Ness & Mazal V'Bracha, Inc., and the defendant ADM Landscape Corp. which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly slipped and fell on ice outside the entrance of a bank operated by the defendants Valley National Bank and Valley National Bancorp. on premises owned by the defendant Ness & Mazal V'Bracha, Inc. (hereinafter collectively the bank). The plaintiff alleged that his fall was caused by snow or ice on the bank's roof or awning melting and refreezing on the ground outside its front doors.

The bank had retained the defendant ADM Landscape Corp. (hereinafter ADM) to provide snow and ice removal services. The contract required ADM to plow and distribute ice melt within two hours whenever there was an accumulation of two or more inches of snow, whenever there was any accumulation of ice, or when service was requested. It was undisputed that between two and four inches of snow had fallen the previous day, that ADM had provided services pursuant to its contract with the bank, and that no additional precipitation had fallen between the time ADM provided service and the time of the plaintiff's fall.

The plaintiff commenced separate actions against the bank and ADM, which were later consolidated. The bank and ADM separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted those branches of both motions. The plaintiff appeals.

"A real property owner, or a party in possession or control of real property, will be held liable for injuries sustained in a slip-and-fall accident involving snow and ice on its property only when it created the alleged dangerous condition or had actual or constructive notice of it" (*Rudloff v Woodland Pond Condominium Assn.*, 109 AD3d 810, 812 [2013]; *see Hall v Staples the Off. Superstore E., Inc.*, 135 AD3d 706, 706-707 [2016]; *Kulchinsky v Consumers Warehouse Ctr., Inc.*, 134 AD3d 1068, 1069 [2015]). To establish its entitlement to summary judgment, a property owner or party in possession must establish, prima facie, that "it neither created nor had actual or constructive notice of the dangerous condition that allegedly caused the plaintiff to fall" (*Scott v Avalonbay Communities, Inc.*, 125

AD3d 839, 840 [2015]; *see Hall v Staples the Off. Superstore E., Inc.*, 135 AD3d at 706; *Kulchinsky v Consumers Warehouse Ctr., Inc.*, 134 AD3d at 1069; *Koelling v Central Gen. Community Servs., Inc.*, 132 AD3d 734, 736 [2015]).

Here, the bank established its prima facie entitlement to judgment as a matter of law through the testimony of the branch manager and the plaintiff from their respective depositions. The bank manager testified that neither he nor his employees had received notice of an icy condition and that no customers had complained of it. In addition, the plaintiff testified that he did not see the ice before his fall. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the bank created or exacerbated the icy condition. Rather, the plaintiff contended only that the bank could have taken additional steps to avoid the icy condition. This was insufficient to raise a triable issue of fact as to whether the bank created the dangerous condition or had actual or constructive knowledge of it (*see Hall v Staples the Off. Superstore E., Inc.*, 135 AD3d at 706-707; *Kulchinsky v Consumers Warehouse Ctr., Inc.*, 134 AD3d at 1069; *Koelling v Central Gen. Community Servs., Inc.*, 132 AD3d at 735; *Scott v Avalonbay Communities, Inc.*, 125 AD3d at 839-840; *Devlin v Selimaj*, 116 AD3d 730 [2014]; *Rudloff v Woodland Pond Condominium Assn.*, 109 AD3d at 810). Similarly, the plaintiff offered only conclusory speculation that this was a recurrent condition of which the bank knew or should have known (*see Fisher v Kasten*, 124 AD3d 714, 715 [2015]; *Cruz v Rampersad*, 110 AD3d 669, 670 [2013]). Because the plaintiff failed to raise a triable issue of fact, the Supreme Court properly granted that branch of the bank's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

"As a general rule, a limited contractual obligation to provide snow removal services does not render the contractor liable in tort for the personal injuries of third parties" (*Rudloff v Woodland Pond Condominium Assn.*, 109 AD3d at 810; *see Santos v Deanco Servs., Inc.*, 142 AD3d 137, 140 [2016]; *Koelling v Central Gen. Community Servs., Inc.*, 132 AD3d at 736; *Scott v Avalonbay Communities, Inc.*, 125 AD3d at 840). There are three exceptions to this rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his or her duties, launches a force or instrument of harm, (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties, and (3) where the contracting party has entirely displaced another party's duty to maintain the premises safely" (*Rudloff v*

*Woodland Pond Condominium Assn.*, 109 AD3d at 810, citing *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *see Santos v Deanco Servs., Inc.*, 142 AD3d at 140-141; *Koelling v Central Gen. Community Servs., Inc.*, 132 AD3d at 736; *Scott v Avalonbay Communities, Inc.*, 125 AD3d at 840-841).

A snow removal contractor cannot be held liable for personal injuries "on the ground that the snow removal contractor's passive omissions constituted the launch of a force or instrument of harm, where there is no evidence that the passive conduct created or exacerbated a dangerous condition" (*Santos v Deanco Servs., Inc.*, 142 AD3d at 138). For example, "a failure to apply salt would ordinarily neither create ice nor exacerbate an icy condition, as the absence of salt would merely prevent a preexisting ice condition from improving" (*id.* at 143 [emphasis omitted]). Moreover, the exception for launching a force or instrument of harm "cannot be triggered where . . . there is only speculation and conjecture regarding whether the contractor created or exacerbated an icy condition" (*id.*).

Here, the plaintiff alleged that ADM should have cleared snow and ice from the bank's roof and awnings to prevent melting and refreezing such as that which allegedly caused his fall. However, such service was not encompassed by its contract. In any event, in failing to provide services beyond those included in its contract, ADM at most failed to guard against a future possibility of ice formation. This is insufficient to support liability (*see id.* at 142).

Furthermore, there is nothing in the record to suggest that, in its contract with the bank, ADM took on such responsibility that it supplanted the bank's own duty to maintain the premises. On the contrary, ADM's contract required it to respond only when there was an accumulation of two or more inches of snow or any accumulation of ice. "This contractual undertaking is not the type of 'comprehensive and exclusive' property maintenance obligation" which would "entirely absorb [the] duty [of the] landowner to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d at 141). Accordingly, the Supreme Court properly granted that branch of ADM's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Eng, P.J., Rivera, Balkin and Barros, JJ., concur.