Bombino-Munroe v Church of St. Bernard (2018 NY Slip Op 05131)





Bombino-Munroe v Church of St. Bernard


2018 NY Slip Op 05131


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-03935
 (Index No. 59410/15)

[*1]Michelle Bombino-Munroe, et al., respondents,
v
Church of St. Bernard, appellant.


Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Jonathan R. Harwood of counsel), for appellant.
Meagher & Meagher, P.C., White Plains, NY (Christina M. Killerlane of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated April 7, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On February 23, 2015, at approximately 8:30 a.m., the plaintiff Michelle Bombino-Munroe (hereinafter the injured plaintiff) allegedly slipped and fell on ice on the ground abutting the rear entrance of the defendant's premises. The defendant operated a preschool at the premises, and the injured plaintiff's son was a student there. At her deposition, the injured plaintiff testified that she used the front entrance to enter the building and dropped off her son at his class. She was attempting to leave the premises through the rear entrance when the incident occurred. Following the incident, the injured plaintiff, and her husband suing derivatively, commenced this action against the defendant, inter alia, to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint, contending that the injured plaintiff did not know what had caused her to fall and that the defendant did not have actual or constructive notice of the alleged ice condition. The Supreme Court denied the motion, concluding that a triable issue of fact existed as to whether the defendant had constructive notice of the alleged ice condition. The defendant appeals.
A defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of her or his fall (see Kelly v Mall at Smith Haven, LLC, 148 AD3d 792, 793; Baldasano v Long Is. Univ., 143 AD3d 933; Thompson v Commack Multiplex Cinemas, 83 AD3d 929, 930). Here, viewing the evidence in the light most favorable to the plaintiffs as the nonmovants, the defendant failed to establish, prima facie, that the injured plaintiff did not know what had caused her to fall. Based upon the injured plaintiff's deposition testimony, a triable issue of fact exists as to whether she slipped and fell on ice (see Davis v Sutton, 136 AD3d 731, 732; Lamour v Decimus, 118 AD3d 851, 851-852).
"A property owner will be held liable for a slip-and-fall accident involving snow and [*2]ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of its existence" (Cuillo v Fairfield Prop. Servs., L.P., 112 AD3d 777, 778; see Haberman v Meyer, 120 AD3d 1301; Smith v Hariri Realty Assoc., Inc., 109 AD3d 897). Thus, a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Somekh v Valley Natl. Bank, 151 AD3d 783, 784; Hall v Staples the Off. Superstore E., Inc., 135 AD3d 706).
Here, the plaintiffs did not allege that the defendant created the ice condition. By submitting the deposition testimony of the director of the preschool and the injured plaintiff, the defendant established, prima facie, that it did not have actual or constructive notice of the alleged ice that caused the plaintiff to fall (see Cuillo v Fairfield Prop. Servs., L.P., 112 AD3d at 778; Sweeney v Doria, 95 AD3d 1298, 1299; Spinoccia v Fairfield Bellmore Ave., LLC, 95 AD3d 993, 993-994). The preschool director testified that she entered the building through the rear entrance about 90 minutes prior to the incident, and she did not see any ice on the ground. The injured plaintiff testified that she did not see the ice before she fell. In opposition, the plaintiffs failed to raise a triable issue of fact. General awareness that snow or ice may be present during winter months was legally insufficient to constitute notice of the particular condition that caused the injured plaintiff's fall (see Kostic v Ascent Media Group, LLC, 79 AD3d 818, 819; Kaplan v DePetro, 51 AD3d 730, 731; Baumgartner v Prudential Ins. Co. of Am., 251 AD2d 358, 359).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court