Hartung v Diocese of Rockville Ctr., N.Y. (2019 NY Slip Op 05519)





Hartung v Diocese of Rockville Ctr., N.Y.


2019 NY Slip Op 05519


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2018-11100
 (Index No. 398/16)

[*1]Adamarie Hartung, appellant, 
v
Diocese of Rockville Centre, New York, defendant, Our Lady of Victory Roman Catholic Church, respondent.


Robert F. Danzi, Jericho, NY (Christine Coscia of counsel), for appellant.
Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (Robert A. Seeman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered July 16, 2018. The order granted the motion of the defendant Our Lady of Victory Roman Catholic Church for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On February 18, 2015, the plaintiff was at the defendant Our Lady of Victory Roman Catholic Church in Floral Park, receiving ashes for Ash Wednesday. Upon exiting the church, she slipped and fell on a patch of ice on a walkway on the premises. The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained against the defendant Our Lady of Victory Roman Catholic Church (hereinafter the defendant) and another defendant. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not create or have actual or constructive notice of the ice condition alleged. The Supreme Court granted the motion, and the plaintiff appeals.
The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create the alleged icy condition or have actual or constructive notice of it (see Somekh v Valley Natl. Bank, 151 AD3d 783, 784; Cedeno v Higuita, 147 AD3d 1013, 1014; Khalil v Fernandez, 145 AD3d 765, 766; Ferro v 43 Bronx Riv. Rd., 139 AD3d 897, 898; Kulchinsky v Consumers Warehouse Ctr., Inc., 134 AD3d 1068, 1069). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff failed to proffer any evidence that would have raised a triable issue of fact as to whether the defendant, or anyone acting on its behalf, created the ice condition complained of, or whether the defendant had actual or constructive notice of that alleged condition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, we agree with the Supreme Court's determination to grant the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
MALTESE, J.P., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court