Wilson v New York City Hous. Auth. (2020 NY Slip Op 04427)





Wilson v New York City Hous. Auth.


2020 NY Slip Op 04427


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-05009
 (Index No. 21832/11)

[*1]Jahmere Wilson, etc., et al., respondents,
v
New York City Housing Authority, appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for appellant.
David Horowitz, P.C., New York, NY (Christopher S. Joslin of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered January 5, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The infant plaintiff allegedly was injured when he slipped and fell off of wet playground equipment on a playground owned by the New York City Housing Authority (hereinafter NYCHA). The infant plaintiff slipped and fell when he climbed on the second step of a ladder which led to monkey bars. The plaintiffs allege that a built-in sprinkler, which shot water into the air for children to play in, was located in too close a proximity to the monkey bars and that this proximity caused the wind to blow water from the sprinkler onto the equipment.
The infant plaintiff, by his mother and natural guardian, and his mother suing derivatively, commenced this action to recover damages for their injuries. NYCHA moved for summary judgment dismissing the complaint, arguing that (1) the infant plaintiff assumed the risk of playing on wet monkey bars, and (2) it did not create or have actual or constructive notice of the alleged dangerous condition. In an order entered January 5, 2017, the Supreme Court denied the motion. NYCHA appeals.
"In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137).
Here, NYCHA established, prima facie, that it did not create the alleged dangerous condition. The infant plaintiff testified at a General Municipal Law § 50-h hearing and his deposition that the wind was pushing water from the sprinkler to the monkey bars. However, the infant plaintiff also testified at his deposition that, immediately before he went on the ladder to the monkey bars, two children who were wet from playing in the sprinkler climbed on the ladder. "Where the facts proven show that there are several possible causes of an injury, for one or more of which the defendant was not responsible, and it is just as reasonable and probable that the injury was the result of one cause as the other, plaintiff cannot have a recovery, since he [or she] has failed to [*2]prove that the negligence of the defendant caused the injury" (Ingersoll v Liberty Bank of Buffalo, 278 NY 1, 7; see Bernstein v City of New York, 69 NY2d 1020, 1021-1022; Morreale v Esposito, 109 AD3d 800, 801). Given the wet children who preceded the infant plaintiff on the ladder, it would require impermissible speculation to conclude that the water on which the infant plaintiff slipped was caused by the proximity of the sprinkler to the monkey bars (see Montas v JJC Constr. Corp., 20 NY3d 1016, 1018; Morreale v Esposito, 109 AD3d at 801).
In opposition, the plaintiffs failed to raise a triable issue of fact. The affidavit of the infant plaintiff to the effect that the ladder was wet before the wet children climbed on it "presented what appears to be a feigned issue of fact, designed to avoid the consequences of [his] earlier deposition testimony" that he did not see that the ladder was wet before he climbed on it (Burns v Linden St. Realty, LLC, 165 AD3d 876, 877).
NYCHA also established, prima facie, that it lacked actual or constructive notice of the wet condition of the playground equipment (see Altreche v City of New York, 122 AD3d 556, 556). In opposition, the plaintiffs failed to raise a triable issue of fact. Since there is no nonspeculative basis to find that the accident was caused by water from the sprinkler, the evidence that NYCHA had actual knowledge of such a recurring dangerous condition was insufficient to raise an issue of fact as to NYCHA's constructive notice of the specific water upon which the infant plaintiff slipped (cf. Kohout v Molloy Coll., 61 AD3d 640, 642).
Accordingly, the Supreme Court should have granted NYCHA's motion for summary judgment dismissing the complaint.
In light of this determination, we need not address the parties' remaining contentions regarding the doctrine of primary assumption of risk.
DILLON, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court