Milazzo v Best Mkt. (2022 NY Slip Op 04543)

Milazzo v Best Mkt.

2022 NY Slip Op 04543

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2019-12233 
2020-03746
 (Index No. 605492/17)

[*1]Christine Milazzo, appellant, 
v
Best Market, et al., respondents, et al., defendants.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
Iaconis Fusco, LLP, Malverne, NY (Joseph P. Fusco of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered September 30, 2019, and (2) an order of the same court entered May 8, 2020. The order entered September 30, 2019, insofar as appealed from, denied that branch of the plaintiff's motion which was pursuant to CPLR 3126 to impose sanctions against the defendants Best Market and Best Yet Market of Hyde Park, Inc., for spoliation of evidence. The order entered May 8, 2020, insofar as appealed from, granted the motion of the defendants Best Market and Best Yet Market of Hyde Park, Inc., for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the orders are affirmed insofar as appealed from, with one bill of costs.
On December 15, 2016, the plaintiff allegedly was injured when she slipped and fell on a blueberry at a grocery store operated by the defendants Best Market and Best Yet Market of Hyde Park, Inc. (hereinafter together the Best Market defendants). Surveillance footage of the accident, including approximately 2 minutes and 45 seconds of footage prior to the plaintiff's fall, was recorded by a store video camera and preserved by an employee. Due to storage limitations of the video surveillance system, however, the remainder of the surveillance footage from the date of the plaintiff's accident was automatically deleted 30 days thereafter, on January 14, 2017.
The plaintiff commenced this action on June 12, 2017, against the Best Market defendants, among others, inter alia, to recover damages for the personal injuries she allegedly sustained. In April 2019, the plaintiff moved, among other things, pursuant to CPLR 3126 to impose sanctions against the Best Market defendants for spoliation of the original surveillance footage for the one-hour period of time prior to the plaintiff's fall. In an order entered September 30, 2019, the Supreme Court denied the plaintiff's motion. Following discovery, the Best Market defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered May 8, 2020, the court, inter alia, granted the Best Market defendants' motion. The plaintiff appeals from both orders.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its [*2]discretion in denying that branch of her motion which was to impose sanctions against the Best Market defendants for spoliation of evidence. "'Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126'" (Garcia v Emerick Gross Real Estate, L.P., 196 AD3d 676, 679, quoting Sanders v 210 N. 12th St., LLC, 171 AD3d 966, 968 [internal quotation marks omitted]). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547 [internal quotation marks omitted]; see Cannella v Spector, 167 AD3d 840, 841). Here, the plaintiff failed to establish that the Best Market defendants intentionally or negligently failed to preserve surveillance footage from the date of the accident depicting a larger time period, or that their failure to do so deprived her of the ability to prove her claim (see Olivares v Pollack 111 Bruce, LLC, 197 AD3d 481, 482; Hirschberg v Winthrop-University Hosp., 175 AD3d 556, 557; Sanders v 210 N. 12th St., LLC, 171 AD3d at 968-969; Cannella v Spector, 167 AD3d at 841).
Also contrary to the plaintiff's contention, the Supreme Court properly granted the Best Market defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. These defendants made a prima facie showing entitlement to judgment as a matter of law by demonstrating that they did not create the alleged dangerous condition and did not have actual or constructive notice of its existence for a sufficient length of time to discover and remedy it prior to the plaintiff's fall (see Olivares v Pollack 111 Bruce, LLC, 197 AD3d at 482; Ferro v 43 Bronx Riv. Rd., 139 AD3d 897, 897-898; Miller v Western Beef Props., Inc., 128 AD3d 915, 916). In opposition, the plaintiff failed to raise a triable issue of fact.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court