Serebrenik v Chelsea Apts., LLC (2022 NY Slip Op 04658)

Serebrenik v Chelsea Apts., LLC

2022 NY Slip Op 04658

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-09348
 (Index No. 521131/16)

[*1]Mikhail Serebrenik, respondent,
v
Chelsea Apartments, LLC, et al., appellants.

Margaret G. Klein (Mauro Lilling Naparty LLP, Woodbury, NY [Seth M. Weinberg and Ifza Riaz], of counsel), for appellants.
Kahn Gordon Timko & Rodriques, P.C., New York, NY (Nicholas I. Timko and Aisha Makhdoom of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Chelsea Apartments, LLC, Chelsea Apartments Del, LLC, and Apartment Management Associates, LLC, appeal from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated November 6, 2020. The order, insofar as appealed from, denied those branches of the motion of the defendants Chelsea Apartments Del, LLC, and Apartment Management Associates, LLC, which were for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the appeal by the defendant Chelsea Apartments, LLC, is dismissed, as that party is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, and those branches of the motion of the defendants Chelsea Apartments Del, LLC, and Apartment Management Associates, LLC, which were for summary judgment dismissing the complaint insofar as asserted against them are granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants Chelsea Apartments Del, LLC, and Apartment Management Associates, LLC.
The plaintiff commenced this action against, among others, the defendants Chelsea Apartments Del, LLC, and Apartment Management Associates, LLC (hereinafter together the defendants), to recover damages for personal injuries he allegedly sustained when he slipped and fell on water that had accumulated in a ground-floor hallway of a Brooklyn apartment building owned by Chelsea Apartments Del, LLC, and managed by Apartment Management Associates, LLC. After discovery, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated November 6, 2020, the Supreme Court denied the motion. The defendants appeal.
A defendant moving for summary judgment in a slip-and-fall case has the burden of demonstrating, prima facie, that it did not create the alleged dangerous condition or have actual or constructive notice of its existence in sufficient time to remedy it (see Zamora v David Caccavo, LLC, 190 AD3d 895, 897; Baez v Willow Wood Assoc., LP, 159 AD3d 785, 785; Heck v Regula, 123 [*2]AD3d 665, 666). "'To meet its burden on the issue of lack of constructive notice, a defendant is required to offer [some] evidence as to when the accident site was last cleaned or inspected prior to the accident'" (Zamora v David Caccavo, LLC, 190 AD3d at 897, quoting Butts v SJF, LLC, 171 AD3d 688, 689; see Griffin v PMV Realty, LLC, 181 AD3d 912, 913; Baez v Willow Wood Assoc., LP, 159 AD3d at 785; Sartori v JP Morgan Chase Bank, N.A., 127 AD3d 1157, 1158).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not create the hazardous condition or have actual or constructive notice of it. In support of the motion, the defendants submitted a transcript of the deposition testimony and affidavit of the building's porter, which established that, shortly before the accident, the porter traversed the hallway where the accident occurred, inspected the floor for wetness, and observed that the floor was dry (see Ferro v 43 Bronx Riv. Rd., 139 AD3d 897, 897-898; Dennehy-Murphy v Nor-Topia Serv. Ctr., Inc., 61 AD3d 629, 629). Contrary to the plaintiff's contention, the porter's averments in the affidavit regarding his inspection of the hallway did not contradict his deposition testimony (see Red Zone LLC v Cadwalader, Wickersham & Taft LLP, 27 NY3d 1048; MacGregor v MRMD NY Corp., 194 AD3d 550; Cox v McCormick Farms, Inc., 144 AD3d 1533, 1534).
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that he may have slipped on water that had been tracked in by the building's porters, or which had leaked into the hallway from an adjacent pump room, is speculative and does not create an issue of fact warranting the denial of summary judgment (see Jones v Icahn Assoc. Corp., 173 AD3d 546, 546-547; David v Chong Sun Lee, 106 AD3d 1044, 1045; Lichtman v Village of Kiryas Joel, 90 AD3d 1001, 1002; Myrow v City of Poughkeepsie, 3 AD3d 480, 481).
Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against them.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court