J. G. v L.I. Adventureland (2023 NY Slip Op 01889)

J. G. v L.I. Adventureland

2023 NY Slip Op 01889

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2021-00500
 (Index No. 20391/14)

[*1]J. G., et al., appellants,
v
L.I. Adventureland, et al., respondents.

Sacco & Fillas, LLP, Bayside, NY (Richard E. Schirmer and Si Aydiner of counsel), for appellants.
Segal McCambridge Singer & Mahoney, Ltd., New York, NY (Carla Varriale-Baker of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for negligent infliction of emotional distress, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated February 6, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In June 2014, the infant plaintiff was riding a roller coaster at an amusement park owned by the defendants when it descended a hill and came to an unexpected stop approximately five to seven feet above the ground. After 15 minutes of standstill, the infant plaintiff exited the roller coaster by a ladder. The infant plaintiff, by her father and natural guardian, and her father suing derivatively, commenced this action alleging, inter alia, that the infant plaintiff suffered emotional injuries as a result of the incident. The defendants moved for summary judgment dismissing the complaint on the grounds, among others, that they did not create the alleged dangerous condition nor have actual or constructive notice of it. In the order appealed from, the Supreme Court granted the motion. The plaintiffs appeal, contending that the defendants failed to establish that they lacked constructive notice. We affirm.
"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [a] defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837). "A party, however, who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of that condition" (Kohout v Molloy Coll., 61 AD3d 640, 642; see Pagan v New York City Hous. Auth., 172 AD3d 888, 889).
Contrary to the plaintiffs' contention, the defendants demonstrated that they did not have constructive notice of any alleged dangerous condition on the subject roller coaster. The defendants submitted evidence that they inspected the roller coaster on the day of the incident, did not find any defects, did not receive any complaints about the roller coaster prior to the incident, and operated the roller coaster without any problems before the incident occurred (see Tuck v Surrey [*2]Carlton Hous. Dev. Fund Corp., 208 AD3d 1383, 1384; Nelson v AMF Bowling Ctrs., Inc., 206 AD3d 929, 930; Gover v Mastic Beach Prop. Owners Assn., 57 AD3d 729, 731). Further, contrary to the plaintiffs' contention, a general awareness that the roller coaster had stopped at times in previous years is legally insufficient to constitute notice of the particular condition that caused the subject incident (see Wilson v New York City Hous. Auth., 186 AD3d 535, 537; Pagan v New York City Hous. Auth., 172 AD3d at 889; Mauge v Barrow St. Ale House, 70 AD3d 1016, 1017). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court