■ EVELYN KERSON et al., Appellants, v WALDBAUMS SUPERMARKET, Respondent. [725 NYS2d 676] —In an action to recover

damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered August 30, 2000, which granted the defendant's motion for summary judgment dismissing the complaint, and denied their cross motion for discovery and inspection.

Ordered that the order is affirmed, with costs.

The injured plaintiff, Evelyn Kerson, alleged that she slipped and fell in a supermarket due to a puddle of water and melting ice that came from an ice machine. At her deposition, Kerson testified that she did not see the water or ice before her fall. She did not make any complaint about the water or ice before the accident, and was unaware of any complaints by others about the subject area before her fall. An assistant manager at the supermarket testified that he was told about the accident, and observed Kerson sitting on the floor. The evidence further establishes that the defendant did not receive any complaints about the machine before the accident.

To constitute constructive notice, the defective condition must be visible and apparent, and exist for a sufficient period of time before the accident for a defendant to discover and correct the condition (*see, Anderson v Klein's Foods,* 73 NY2d 835; *Gordon v American Museum of Natural History,* 67 NY2d 836; *Kraemer v K-Mart Corp.,* 226 AD2d 590; *Rosario v New York City Tr. Auth.,* 215 AD2d 364).

After the defendant established a prima facie case of its entitlement to judgment as a matter of law, Kerson failed to raise a triable issue of fact. Kerson claims that she slipped and fell on water and ice. However, she failed to present any admissible evidence to establish either that the ice machine contributed to the water and ice on the floor, or the length of time the water and ice had been on the floor before her fall. Therefore, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint for lack of notice (*see, Dwoskin v Burger King Corp.,* 249 AD2d 358; *Williams v Waldbaums Supermarkets,* 236 AD2d 605; *Masotti v Waldbaums Supermarket,* 227 AD2d 532). Friedmann, J. P., Florio, Smith and Cozier, JJ., concur.