■ RONALD DANE et al., Appellants, v TACO BELL CORP., Respondent. [746 NYS2d 45]

The injured plaintiff allegedly sustained injuries when he slipped and fell on water and ice in the defendant's restaurant. On its motion for summary judgment dismissing the complaint, the defendant made a prima facie showing that it neither created the alleged slippery condition nor had actual or constructive notice of it as a matter of law (*see Dwoskin v Burger King Corp.*, 249 AD2d 358; *Bradish v Tank Tech Corp.*, 216 AD2d 505; *Gaeta v City of New York*, 213 AD2d 509).

The burden thus shifted to the plaintiffs to come forward

with evidence to show the existence of a triable issue of fact. Contrary to the plaintiffs' contentions, there was no evidence to support their assertion that the water and ice which allegedly caused the injured plaintiff to fall constituted a "recurrent dangerous condition," and therefore, that the defendant should be charged with constructive notice of each specific reoccurrence of the condition (*Weisenthal v Pickman,* 153 AD2d 849). Moreover, the plaintiffs failed to establish that the defective condition was visible and apparent, and existed for a sufficient period of time before the accident for the defendant to discover and correct it (*see Gordon v American Museum of Natural History,* 67 NY2d 836; *Rosario v New York City Tr. Auth.,* 215 AD2d 364). The plaintiff presented no evidence concerning the length of time the water and ice had been on the floor before his fall or whether the defendant had received prior complaints concerning the condition. Therefore, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint (*see Kerson v Waldbaums Supermarket,* 284 AD2d 376; *Sanchez v Delgado Travel Agency,* 279 AD2d 623; *Dwoskin v Burger King Corp., supra*). O'Brien, J.P., Friedmann, McGinity and H. Miller, JJ., concur.