■ LISA G. MURPHY, Respondent, v 136 NORTHERN BOULEVARD ASSOCIATES, Appellant, and KIMCO REALTY CORP et al., Respondents. (And a Third-Party Action.) [757 NYS2d 582] —In an action to recover damages for personal injuries, the defendant 136 Northern Boulevard Associates appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated January 23, 2002, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendant 136 Northern Boulevard Associates, and the action against the remaining defendants is severed.

A property owner is not liable for an alleged hazard on its property involving snow or ice unless it created the defect, or had actual or constructive notice of its existence (*see Voss v D&C Parking*, 299 AD2d 346 [2002]; *Dane v Taco Bell Corp.*, 297 AD2d 274 [2002]). In support of its motion for summary judgment, the appellant established, as a matter of law, that it did not create the ice condition in the area where the plaintiff slipped and fell, nor did it have actual or constructive notice of the condition. In opposition to the motion, the plaintiff failed to raise a triable issue of fact. The plaintiff testified at her deposition that she slipped on "black ice," which she did not see before her fall. Under the circumstances, the plaintiff failed to establish that the hazardous condition was visible and apparent, and existed for a sufficient length of time before the accident for the appellant to discover and remedy it (*see Gordon v Amer-*

*ican Museum of Natural History,* 67 NY2d 836 [1986]; *Dane v Taco Bell Corp., supra*). The plaintiff presented no evidence concerning the length of time the ice was on the ground before her fall, or whether the defendant received prior complaints about the condition. Thus, the Supreme Court should have granted the appellant's motion for summary judgment (*Dane v Taco Bell Corp., supra*).

In light of our determination, it is unnecessary to address the appellant's remaining contention. Prudenti, P.J., Ritter, Feuerstein and Adams, JJ., concur.