■ Dorothy Boddie et al., Appellants, v New Plan Realty Trust et al., Respondents. [758 NYS2d 379] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Peter

C. Patsalos, J.), dated July 10, 2002, which granted the motion of the defendant New Plan Realty Trust for summary judgment dismissing the complaint insofar as asserted against it, and (2) an order of the same court, also dated July 10, 2002, which granted the motion of the defendant Thompson Ridge Nursery, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff Dorothy Boddie allegedly was injured when she slipped and fell on a patch of ice on property owned by the defendant New Plan Realty Trust (hereinafter New Plan). New Plan had a maintenance contract with the defendant Thompson Ridge Nursery, Inc. (hereinafter Thompson Ridge), pursuant to which Thompson Ridge performed snow and ice removal services on the subject property.

New Plan made a prima facie showing of entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In opposition, the plaintiffs claimed that New Plan had constructive notice of the allegedly hazardous condition. However, the plaintiffs failed to raise a triable issue of fact with respect to that point. In particular, the injured plaintiff testified that she did not see the patch of ice before her fall, and failed to demonstrate that it existed for a sufficient length of time to charge New Plan with constructive notice thereof (see Simmons v Metropolitan Life Ins. Co., 84 NY2d 972 [1994]; Javurek v Gardiner, 287 AD2d 544 [2001]; Alexander v City of New York, 277 AD2d 334 [2000]).

Thompson Ridge also established its prima facie entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., supra at 324). In response, the plaintiffs failed to raise a triable issue of fact. A limited contractual undertaking to provide snow removal services generally does not render the contractor liable in tort for the personal injuries of third parties (see Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]; Javurek v Gardiner, supra). Further, there is no evidence that the injured plaintiff detrimentally relied on Thompson Ridge's performance, or that the actions of Thompson Ridge "launched a force or instrument of harm" (Espinal v Melville Snow Contrs., supra at 139, quoting Moch Co. v Rensselaer Water Co., 247 NY 160, 168 [1928]; Baratta v Home Depot USA, 303 AD2d 434 [2003]; Eidlisz v Village of Kiryas Joel, 302 AD2d 558 [2003]).

The plaintiffs' remaining contentions are without merit. Feuerstein, J.P., Smith, H. Miller and Townes, JJ., concur.