Mary Sweeney, Respondent, v Vincent A. Lopez, Appellant. [791 NYS2d 237]—

Appeal from an order of the Supreme Court, Niagara County (Amy J. Fricano, J.), entered September 26, 2003. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiff commenced this personal injury action alleging that defendant's negligence was a proximate cause of the injuries she sustained when she slipped on snow or ice on the second of two steps as she descended from a deck outside the apartment she rented from defendant. Supreme Court properly denied defendant's motion seeking summary judgment dismissing the complaint. It is axiomatic that defendant had a duty to keep the property in a "reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (*Basso v Miller*, 40 NY2d 233, 241 [1976]). Further, "[a] property owner is not liable for an alleged hazard on [his] property involving snow or ice unless [he] created the defect, or had actual or constructive notice of its existence" (*Murphy v 136 N. Blvd. Assoc.*, 304 AD2d 540, 540 [2003]). We conclude that, although defendant established that he did not create the dangerous condition, he failed to establish that he lacked actual or constructive notice of it.

In support of his motion, defendant submitted the deposition testimony of plaintiff stating that she fell on "fluffy" snow that covered "sections" of ice on the deck and steps. She further testified that it had begun to snow the day before between 4:00 and 5:00 P.M. Defendant also submitted his own deposition testimony that snow and ice removal was his responsibility, and that it was his practice to look at the deck and steps when he left for work in the mornings at approximately 5:30 A.M. and remove any wet snow, or snow that accumulated in an amount of two to four inches. He did not specifically recall the conditions of the deck and steps on the day that plaintiff was injured. Although defendant submitted the affidavit of a meteorologist stating that only a trace of snow had fallen in the 24 hours prior to plaintiff's accident and that the temperature remained below freezing during the morning hours of that day, that evidence did not conclusively refute plaintiff's testimony that there was ice beneath the snow. In any event, plaintiff submitted an exhibit establishing that only two times in the preceding month

did the temperature rise above freezing and thus there remains an issue of fact how long the ice had been on the deck.

All concur except Scudder and Hayes, JJ., who dissent and vote to reverse in accordance with the following memorandum.

Scudder and Hayes, JJ., (dissenting). We respectfully dissent. In our view, Supreme Court erred in denying defendant's motion seeking summary judgment dismissing the complaint. In support of his motion, defendant submitted the deposition testimony of plaintiff stating that, when she fell, there was "[n]ot even an inch" of "fluffy" snow that covered "sections" of ice on the deck and steps. She further testified that it began to snow the day before between 4:00 and 5:00 P.M. and that she did not observe ice on the deck or steps before it began to snow. As the majority notes, defendant also submitted his own deposition testimony that snow and ice removal was his responsibility, and that it was his practice to look at the deck and steps when he left for work in the mornings at approximately 5:30 A.M. and remove any wet snow, or snow that accumulated in an amount of two to four inches. Although he did not specifically recall the conditions of the deck and steps on the day that plaintiff was injured, he submitted the affidavit of a meteorologist stating that only a trace of snow had fallen in the 24 hours prior to plaintiff's accident and that the temperature remained below freezing during the morning hours of that day. In opposition to defendant's motion, plaintiff argued that defendant had actual notice of a dangerous condition because he observed the deck and steps, but did not address the contention of defendant that he also lacked constructive notice.

The majority properly states that "[a] property owner is not liable for an alleged hazard on [his] property involving snow or ice unless [he] created the defect, or had actual or constructive notice of its existence" (*Murphy v 136 N. Blvd. Assoc.*, 304 AD2d 540, 540 [2003]). We agree with the majority that defendant established that he did not create the alleged dangerous condition. In our view, however, defendant also established that he did not have actual or constructive notice of the alleged dangerous condition, and plaintiff failed to raise an issue of fact sufficient to defeat the motion. Although defendant presumably observed a dusting of snow on the deck and two steps that descended from it, that observation does not constitute notice that the condition was dangerous (*see generally Stoddard v G.E. Plastics Corp.*, 11 AD3d 862 [2004]). We would therefore reverse the order, grant the motion and dismiss the complaint. Present—Pine, J.P., Hurlbutt, Scudder, Gorski and Hayes, JJ.