■ DEBORAH L. WILSON et al., Respondents, v WALGREEN DRUG STORE et al., Appellants. (Action No. 1.) DEBORAH L. WILSON et al., Plaintiffs, v LAUER-MANGUSO & ASSOCIATES et al., Defendants. (Action No. 2.) WALGREEN EASTERN CO., INC., Third-Party Plaintiff-Appellant-Respondent, v SOUTHSIDE SNOW-PLOWING, Third-Party Defendant-Respondent-Appellant. [838 NYS2d 846]—

Appeals and cross appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 7, 2006 in a personal injury action. The order, insofar as appealed and cross-appealed from, denied the motions of defendants in action No. 1 for summary judgment and granted in part and denied in part

the motion of third-party defendant for summary judgment dismissing the third-party complaint.

It is hereby ordered that the order insofar as appealed and cross-appealed from be and the same hereby is unanimously reversed on the law without costs, the motions of defendants in action No. 1 are granted, the complaint is dismissed and the motion of third-party defendant is dismissed as moot.

Memorandum: Plaintiffs commenced these actions seeking damages for injuries sustained by Deborah L. Wilson (plaintiff) when she slipped and fell on ice in a parking lot owned by or leased to defendants Walgreen Eastern Co., Inc., incorrectly sued as Walgreen Drug Store, N-P Properties of WNY LLC and Norbert O'Brien and constructed by defendant Kulback's Construction, Inc. (Kulback's), the defendants in action No. 1 (collectively, defendants). Supreme Court erred in denying the motions of defendants for summary judgment dismissing the complaint in action No. 1 against them. Defendants met their initial burden by establishing that they lacked either actual or constructive notice of the icy condition that allegedly caused plaintiff to fall and that they did not create the allegedly dangerous condition (*see Dwulit v Walters*, 19 AD3d 535 [2005]; *Murphy v 136 N. Blvd. Assoc.*, 304 AD2d 540 [2003]). In opposition, plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). With respect to actual or constructive notice, plaintiffs failed to raise an issue of fact whether the ice existed for a sufficient period of time to permit discovery and corrective action by defendants (*see Boddie v New Plan Realty Trust*, 304 AD2d 693 [2003]). The meteorological data submitted by plaintiffs establishes that, during the early morning hours of the day of the accident, the temperature was above freezing until 7:00 A.M. and the temperature then dropped to below freezing for the rest of the day. Because plaintiff was unable to describe the amount or thickness of the ice on which she fell, we conclude that plaintiffs "failed to [raise an issue of fact whether] the hazardous condition was visible and apparent, and existed for a sufficient length of time before the accident for the [defendants] to discover and remedy it" (*Murphy*, 30 AD2d at 540). Further, the opinions of plaintiffs' expert are insufficient to raise an issue of fact whether defendants had actual or constructive notice of the allegedly dangerous condition or created it. The expert's opinions that "[t]he Walgreen's parking lot did not properly drain, causing water to pool or pond" and that "[t]he pooled frozen water preexisted any recent snow fall" are without foundation and are based upon mere speculation, and those opinions therefore are

insufficient to defeat defendants' motions (*see Baehre v Sagamore Resort Hotel*, 4 AD3d 810 [2004]; *see generally Romano v Stanley*, 90 NY2d 444, 451-452 [1997]). In light of our determination, we dismiss as moot third-party defendant's motion for summary judgment dismissing the third-party complaint. Present—Martoche, J.P., Lunn, Peradotto, Green and Pine, JJ.