RAMONA COLEMAN, Appellant, v JACQUELINE V. LoRusso, Individually and in Her Representative Capacity, Doing Business as JVL MANAGEMENT & Co., et al., Respondents. [880 NYS2d 415]—

Appeal from an order of the Supreme Court, Erie County (Rose H. Sconiers, J.), entered July 10, 2008 in a personal injury action. The order granted the motion of defendants seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell on an icy sidewalk outside an apartment building owned and managed by defendants, where plaintiff resided. Supreme Court properly granted defendants' motion seeking summary judgment dismissing the complaint. The sole contention of plaintiff on appeal is that defendants had constructive notice of the allegedly dangerous condition. We reject that contention. Defendants met their initial burden with respect to constructive notice (see Wilson v Walgreen Drug Store, 42 AD3d 899, 900 [2007]; Boddie v New Plan Realty Trust, 304 AD2d 693, 694 [2003]), and plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Plaintiff testified at her deposition that she fell on ice but that she did not observe any ice on the sidewalk before she fell. In addition, plaintiff was unable to describe the amount or thickness of the ice on which she fell. Neither that deposition testimony nor the meteorological data submitted by plaintiff in opposition to the motion is sufficient "to raise an issue of fact whether the ice existed for a sufficient period of time to permit discovery and corrective action by defendants" (Wilson, 42 AD3d at 900; see Boddie, 304 AD2d at 694; Murphy v 136 N. Blvd. Assoc., 304 AD2d 540 [2003]). Present—Smith, J.P., Centra, Peradotto, Green and Gorski, JJ.