■ EMMY CASTORE, Appellant, v TUTTO BENE RESTAURANT INC., Doing Business as CHELSEA RESTAURANT, Respondent. [909 NYS2d 452]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered August 14, 2009, which, in this action seeking damages for personal injuries suffered in a slip and fall, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant met its initial burden of showing, prima facie, that it neither created nor had notice, whether actual or constructive, of the purportedly dangerous condition that caused plaintiff to slip and fall (see Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]; Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]) by presenting an affidavit from the owner and manager of the subject restaurant and one of its waiters as to its lack of knowledge of the existence of a dangerous condition. Indeed, the waiter averred that he had, just moments before the accident, descended the same stairs as had plaintiff without observing the presence of any liquid on the landing to those stairs. Consequently, the burden shifted to plaintiff to raise a triable question of fact by offering competent evidence that, if credited by a jury, would be sufficient to rebut defendant's proof. In that regard, plaintiff conjectured that restaurant employees might have spilled some water or other liquid on the stairs when food was transported from the basement upstairs to the first floor, where the dining room was located. However, it is well-settled that rank speculation is not a substitute for the evidentiary proof in admissible form that is required to establish the existence of a triable question of material fact (see Kane v Estia Greek Rest., 4 AD3d 189, 190 [2004]).

Insofar as plaintiff argues that a triable question of fact has been raised by her expert's affidavit that her accident was likely caused by the existence of a single step at the bottom of the landing and the absence of a handrail thereon, she testified at her deposition merely that she fell as the result of slipping on some liquid. There is, thus, no evidence whatsoever that the configuration of the stairs to include a landing at the bottom, plus a single step to the ground, contributed at all to the event (see Raghu v New York City Hous. Auth., 72 AD3d 480, 482 [2010]; Bethea v Weston House Hous. Dev. Fund Co., Inc., 70 AD3d 470, 471 [2010]). Accordingly, it is purely speculative to suppose that plaintiff's accident might have been avoided had there been a handrail in place on the landing. Concur—Saxe, J.P., Acosta, Freedman, Richter and Abdus-Salaam, JJ.