Order, Supreme Court, Bronx County (Robert E. Torres, J.), entered November 15, 2011, which granted defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
“A defendant who moves for summary judgment in a slip- and-fall action has the initial burden of making a prima facie demonstration that it neither created the hazardous condition, nor had actual or constructive notice of its existence” (Smith v Costco Wholesale Corp., 50 AD3d 499, 500 [1st Dept 2008]). Upon such showing, the burden shifts to the party opposing the motion “to raise a triable issue of fact as to the creation of the defect or notice thereof’ (Rodriguez v 705-7 E. 179th St. Hous. Dev. Fund Corp., 79 AD3d 518, 519 [1st Dept 2010]).
Plaintiff failed to rebut defendant’s prima facie showing that it did not cause or create the defective condition. Her claim on appeal that the store’s employees created the allegedly dangerous condition by spraying water on produce prior to her accident is speculative, as she testified that she did not know where the water came from and that did not she see any of defendant’s employees prior to her accident (see Goldman v Waldbaum, Inc., 248 AD2d 436, 436-437 [2d Dept 1998], lv denied 92 NY2d 805 [1998]; cf. Granera v 32nd St. 990 Corp., 46 AD3d 750, 751 [2d Dept 2007]).
Nor has plaintiff rebutted defendant’s prima facie showing that it had no actual or constructive notice of the alleged defective condition (see Kershner v Pathmark Stores, 280 AD2d 583, 584 [2d Dept 2001]; Stoerzinger v Big V Supermarkets, 188 AD2d 790 [3d Dept 1992]; cf. Brockman v Cipriani Wall St., 96 AD3d 576, 577 [1st Dept 2012]). The record establishes that defendant did not receive any complaints about the allegedly defective condition before the accident (see Kerson v Waldbaums Supermarket, 284 AD2d 376, 377 [2d Dept 2001]). To constitute *527 constructive notice, “a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant’s employees to discover and remedy it” (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Here, plaintiff testified that she did not see water on the floor prior to her fall and did not know how long it was there.
Plaintiffs affidavit was insufficient to raise a triable issue of fact as to the exact site of the accident, because it conflicts with her deposition testimony that the photo at issue depicted only the general, but not the specific accident location (see Smith v Costco Wholesale Corp., 50 AD3d at 501).
Lastly, plaintiffs claim that, in making its prima facie showing, defendant relied upon inadmissable hearsay was not raised before the motion court, and accordingly, will not be considered on appeal (see e.g. Honique Accessories, Ltd. v S.J. Stile Assoc., Ltd., 67 AD3d 481, 482 [2009]). Were we to review plaintiff’s hearsay argument, we would find it unavailing.
We have considered the parties’ remaining contentions and find them unavailing. Concur—Friedman, J.P., Sweeny, Renwick, Freedman and Roman, JJ.