# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1005**
**CA 14-01843**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

EDWARD P. CASE, PLAINTIFF-RESPONDENT,

V                 MEMORANDUM AND ORDER

HAZELTON COURT HOMEOWNERS ASSOCIATION, INC.,
DEFENDANT-RESPONDENT,
SAXE 5, LLC, DEFENDANT-APPELLANT,
ROBER B. SMITH , BETTY W. SMITH, ET AL., DEFENDANTS.

---

REISNER LAW GROUP, PLLC, OLEAN (JEFFREY P. REISNER OF COUNSEL), FOR
DEFENDANT-APPELLANT.

ALEXANDER & CATALANO, LLC, PITTSFORD (JAMES L. DONIGAN OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM LLC, ROCHESTER (ALISON K.L. MOYER
OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered June 25, 2014. The order, among other things, denied the motion of defendant Saxe 5, LLC for summary judgment dismissing plaintiff's complaint and all cross claims against it, and granted the cross motion of defendant Hazelton Court Homeowners Association, Inc. for summary judgment dismissing plaintiff's complaint and all cross claims against it.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion in part and reinstating the cross claim of defendant Saxe 5, LLC against defendant Hazelton Court Homeowners Association, Inc., and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when he slipped and fell on a driveway leading to the condominium complex where he resided. The driveway, to which the parties refer as the "east access road," is located on property owned by defendants Saxe 5, LLC (Saxe) and Roger B. Smith and Betty W. Smith (Smiths). Defendant Hazelton Court Homeowners Association, Inc. (Hazelton) has an easement for ingress and egress in common with Saxe, the Smiths and others over the east access road.

Supreme Court properly denied Saxe's motion for summary judgment dismissing the complaint and cross claims against it on the ground that, as a servient owner, it owed no duty to maintain the easement

(*see generally Tagle v Jacob*, 97 NY2d 165, 168; *Raksin v Crown-Kingston Realty Assoc.*, 254 AD2d 472, 473, *lv denied* 94 NY2d 751). The record contains evidence that Saxe made use of the easement for its own purposes, raising a triable issue of fact whether Saxe "retain[ed] its duty as a landowner to maintain the portion of its premises that is subject to the easement in a reasonably safe condition" (*Kleyner v City of New York*, 115 AD3d 710, 711).

The court erred, however, in granting that part of Hazelton's cross motion for summary judgment dismissing Saxe's cross claim against it. Hazelton failed to meet its burden of establishing as a matter of law that the use of the easement by Saxe relieved Hazelton of the duty it would otherwise owe, as the owner of the dominant estate, to maintain the east access road in a reasonably safe condition (*see Penn Hgts. Beach Club, Inc. v Myers*, 42 AD3d 602, 605-606, *lv dismissed* 10 NY3d 746). We note that neither plaintiff nor the Smiths have appealed from the order, and we therefore do not disturb the order to the extent that it granted Hazelton's cross motion for summary judgment dismissing the complaint and the Smiths' cross claim against Hazelton (*see Foster v Spevack*, 198 AD2d 892, 894).

Finally, Saxe contends that it is entitled to summary judgment dismissing the complaint and cross claims against it, and Hazelton contends that it was properly granted summary judgment dismissing Saxe's cross claim against it, on the additional ground that they were not responsible for the allegedly dangerous condition of the east access road. As the court properly determined, those defendants met their burden of establishing that they did not create the dangerous condition or have actual notice of it, and plaintiff failed to raise a triable issue of fact (*see Lane v Wilmorite, Inc.*, 1 AD3d 907, 908). The court also properly determined, however, that there is an issue of fact concerning their lack of constructive notice of the allegedly dangerous condition. Plaintiff's deposition testimony, submitted in support of Saxe's motion, was "sufficient 'to raise an issue of fact whether the ice existed for a sufficient period of time to permit discovery and corrective action by [those] defendants' " (*Coleman v LoRusso*, 63 AD3d 1613, 1613).

We therefore modify the order by denying Hazelton's cross motion in part and reinstating Saxe's cross claim against Hazelton, which may be treated as a properly commenced third-party action (*see Merkley v Palmyra-Macedon Cent. Sch. Dist.*, 130 AD2d 937, 939).

Entered: October 9, 2015                           Frances E. Cafarell
                                                   Clerk of the Court