■ VICTOR ORTIZ, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents, et al., Defendants. [29 NYS3d 510]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated September 26, 2014, as granted that branch of the motion of the defendants New York City Transit Authority and Metropolitan Transit Authority which was for summary judg-

ment dismissing the complaint insofar as asserted against New York City Transit Authority.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants the New York City Transit Authority and the Metropolitan Transit Authority which was for summary judgment dismissing the complaint insofar as asserted against the New York City Transit Authority is denied.

The plaintiff allegedly was injured when a vehicle in which he was a passenger struck the rear of a vehicle owned by the defendant New York City Transit Authority (hereinafter the NYCTA) and operated by an NYCTA employee. The plaintiff commenced this action against, among others, the NYCTA and Metropolitan Transit Authority (hereinafter the MTA), to recover damages for personal injuries. After the completion of discovery, the NYCTA and the MTA moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against the NYCTA. The plaintiff appeals from so much of the Supreme Court's order as granted that branch of the motion.

The NYCTA and the MTA established the NYCTA's prima facie entitlement to judgment as a matter of law by demonstrating that the vehicle in which the plaintiff was a passenger struck the rear of the NYCTA's vehicle, which, according to the NYCTA, was stopped in the right lane with its hazard lights on after being struck by another vehicle (*see Wu Kai Ming v Grossman*, 133 AD3d 742 [2015]; *Gavrilova v Stark*, 129 AD3d 907 [2015]). In opposition, the plaintiff, via his deposition testimony, provided a non-negligent explanation for the collision and raised triable issues of fact, inter alia, as to whether the operator of the NYCTA vehicle had turned on the hazard lights and whether he had violated Vehicle and Traffic Law § 1201 by stopping the NYCTA vehicle in a traffic lane (*see Gregson v Terry*, 35 AD3d 358 [2006]; *see also Tutrani v County of Suffolk*, 10 NY3d 906 [2008]).

The parties' remaining contentions are either without merit or improperly raised for the first time on appeal.

Accordingly, the Supreme Court should have denied that branch of the motion of the NYCTA and the MTA which was for summary judgment dismissing the complaint insofar as asserted against the NYCTA. Mastro, J.P., Dillon, Hinds-Radix and Maltese, JJ., concur.