In an action, inter alia, to recover damages for personal injuries and wrongful death, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), entered May 24, 2016, as granted that branch of the plaintiff’s motion which was for summary judgment on the issue of liability.
 

 Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff’s motion which was for summary judgment on the issue of liability is denied.
 

 On November 23, 2013, at about 12:05 a.m., a dump truck owned by the defendant Ecco III Enterprises, Inc., and operated by the defendant Richard Royster, hit the rear of a vehicle operated by the plaintiff’s decedent, which, having run out of gas, was stopped in the right travel lane of Interstate 95. The plaintiff commenced this action, inter alia, to recover damages for personal injuries and wrongful death. The plaintiff thereafter moved, among other things, for summary judgment on the issue of liability. The Supreme Court granted that branch of the plaintiff’s motion, and the defendants appeal.
 

 To prevail on a motion for summary judgment on the issue of liability in an action alleging negligence, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that he or she was free from comparative fault (see Thoma v Ronai, 82 NY2d 736, 737 [1993]; Pollack v Margolin, 84 AD3d 1341, 1342 [2011]). Here, the plaintiff failed to meet that burden, as her own evidence, which included the defendants’ expert witness disclosure, raised triable issues of fact as to whether the decedent failed to warn other drivers of the hazard posed by his stalled vehicle, including by failing to keep his headlights illuminated, and, if so, whether such failure contributed to the defendant driver’s failure to see the decedent’s vehicle before the collision (see Gregson v Terry, 35 AD3d 358, 360-361 [2006]; Ortiz v New York City Tr. Auth., 138 AD3d 809, 810 [2016]; Pinilla v City of New York, 136 AD3d 774, 778 [2016]).
 

 Since the plaintiff failed to meet her initial burden as the movant, it is not necessary to review the sufficiency of the defendants’ opposition papers (see Winegrad v New York Univ. Med. Ctr, 64 NY2d 851, 853 [1985]).
 

 Accordingly, the plaintiff’s motion for summary judgment on the issue of liability should have been denied.
 

 In light of our determination, we need not reach the defendants’ remaining contention.
 

 Rivera, J.P., Sgroi, Miller and Brathwaite Nelson, JJ., concur.