In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Modica, J.), entered April 17, 2017, which denied his motion for summary judgment on the issue of liability and dismissing the affirmative defenses alleging comparative negligence and culpable conduct of the plaintiff.
 

 Ordered that the order is reversed, on the law, with costs, and the plaintiff’s motion for summary judgment on the issue of liability and dismissing the affirmative defenses alleging comparative negligence and culpable conduct of the plaintiff is granted.
 

 The plaintiff allegedly was injured when a vehicle owned by the defendant Maggies Paratransit Corp. and operated by the defendant Kendell Babb Mack collided with the vehicle he was operating. The plaintiff commenced this action, inter alia, to recover damages for personal injuries, and subsequently moved for summary judgment on the issue of liability and dismissing the affirmative defenses alleging comparative negligence and culpable conduct of the plaintiff. The Supreme Court denied the motion, and the plaintiff appeals.
 

 The plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability and dismissing the specified affirmative defenses by establishing that Mack was negligent and that the plaintiff was free from comparative fault (see generally Thoma v Ronai, 82 NY2d 736, 737 [1993]; Palmer v Ecco III Enters., Inc., 153 AD3d 1267 [2017]). The plaintiff established that he was traveling with the right-of-way when Mack, who had stopped in a parking or merging lane to the right of the plaintiff’s lane of travel, suddenly attempted to make a U-turn in front of the plaintiff’s vehicle and struck the plaintiff’s vehicle. Although Mack testified at his deposition that he had activated his left-turn signal before he began to move his vehicle, the plaintiff, who had the right-of-way, was nevertheless entitled to anticipate that Mack would obey the traffic law requiring him to yield (see Vainer v DiSalvo, 79 AD3d 1023, 1024 [2010]; Yelder v Walters, 64 AD3d 762, 764 [2009]). The plaintiff testified at his deposition that only one or two seconds passed between the time Mack’s vehicle suddenly pulled out and the collision, such that, while he attempted to brake and veer to the left, he could not avoid the collision. Indeed, Mack admitted that only a “[s]plit second” passed between the time he moved his vehicle and the collision. “[A] driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision” (Yelder v Walters, 64 AD3d at 764; see Socci v Levy, 90 AD3d 1020, 1021 [2011]; Vainer v DiSalvo, 79 AD3d at 1024).
 

 In opposition to the plaintiff’s prima facie showing, the defendants failed to raise a triable issue of fact.
 

 Accordingly, the Supreme Court should have granted the plaintiff’s motion for summary judgment.
 

 Dillon, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.