Lynch v C & S Wholesale Grocers, Inc. (2018 NY Slip Op 00110)





Lynch v C & S Wholesale Grocers, Inc.


2018 NY Slip Op 00110


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Tom, J.P., Kapnick, Webber, Oing, JJ.


5405 157257/14

[*1]Anthony Lynch, Plaintiff-Appellant,
v
C & S Wholesale Grocers, Inc., Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Morrison Mahoney LLP, New York (Christopher P. Keenoy of counsel), for respondent.



Order, Supreme Court, New York County (Joan M. Kenney, J.), entered November 17, 2016, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff truck driver/delivery person alleges that he was injured while manually unloading heavy boxes from a trailer owned by defendant. Plaintiff claims the shrink-wrap used by defendant's employees to secure the boxes to a pallet came loose, causing the boxes to fall to the floor and requiring them to be unloaded by hand.
Defendant established its entitlement to judgment as a matter of law first by showing that it did not create the alleged hazardous condition. Defendant submitted, inter alia, plaintiff's testimony that he and defendant's employees inspected the trailer before he left defendant's facility to commence deliveries, and did not observe loose boxes on the floor. Nor did plaintiff observe loose boxes when he re-secured the load after his first delivery on the day of his accident (see e.g. Atashi v Fred-Doug 117 LLC, 87 AD3d 455 [1st Dept 2011]; Castore v Tutto Bene Rest. Inc., 77 AD3d 599 [1st Dept 2010]). Defendant also showed that it lacked actual or constructive notice that there were boxes on the trailer's floor. Plaintiff testified he did not notify defendant about the loose boxes before he decided to manually unload them at his second delivery of the day (see Briggs v Pick Quick Foods, Inc., 103 AD3d 526 [1st Dept 2013]).
In opposition, plaintiff failed to raise a triable issue.
The possibility of injury arose only when plaintiff voluntarily opted to pick up the boxes and toss them to a store employee, even though he was not required to do so (see Lee v New York City Hous. Auth., 25 AD3d 214, 219 [1st Dept 2005], lv denied 6 NY3d 708 [2006] ["(t)he law draws a sharp distinction between a condition that merely sets the occasion for or facilitates an accident and an act that is a proximate cause of the accident"]).
Furthermore, plaintiff's certified packing expert failed to identify any professional or industry standard to substantiate his assertions (see Griffith v ETH NEP, L.P., 140 AD3d 451, 452 [1st Dept 2016], lv denied 28 NY3d 905 [2016]; Jones v City of New York, 32 AD3d 706, 707 [1st Dept 2006])). The fact that defendant may have been aware that shrink-wrapping had [*2]previously come loose from other pallets did not establish that defendant had constructive notice that the subject pallet was loose before plaintiff sustained the injuries alleged (see Vaughn v Harlem Riv. Yard Ventures II, Inc., 118 AD3d 604 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK