Ramirez v Our Lady of Refuge Catholic Church (2018 NY Slip Op 04640)





Ramirez v Our Lady of Refuge Catholic Church


2018 NY Slip Op 04640


Decided on June 21, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 21, 2018

Manzanet-Daniels, J.P., Gische, Andrias, Kapnick, Kern, JJ.


6924 305525/12

[*1]Rosa Ramirez, Plaintiff-Respondent,
v
Our Lady of Refuge Catholic Church, Defendant-Appellant, The City of New York, et al., Defendants-Respondents.


Leahey & Johnson, P.C., New York (Jason Paget of counsel), for appellant.
Burns & Harris, New York (Judith F. Stempler of counsel), for Rosa Ramirez, respondent.
Zachary W. Carter, Corporation Counsel, New York (Ingrid R. Gustafson of counsel), for the City of New York, New York City Department of Education and New York City Board of Education, respondents.



Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about June 14, 2017, which granted defendants The City of New York, New York City Department of Education and New York City Board of Education's (the City defendants) motion for summary judgment dismissing the complaint as against them, and which denied as moot defendant Our Lady of Refuge Catholic Church's (the Church) cross motion to strike the City defendants' answer for failure to comply with the court's discovery order, unanimously affirmed, without costs.
Plaintiff sustained injuries as she was leaving the Church when a gust of wind caused a New York Police Department barricade on the street to strike her. The Church used the barricade as well as a second barricade to block off the street so it could be used as a play area by students from the Church as well as students from a school located across the street from the Church.
The City defendants satisfied their prima facie burden that they did not create or have actual or constructive notice of the alleged hazardous barricade which caused plaintiff's accident by submitting the deposition testimony of the Church's pastor, who stated that the Church was responsible for placing the barricades on the street and would store them in its parking lot when they were not being used. Although the Church borrowed the barricades for long-term use from the Police Department, the Police Department would not inspect the barricades. If the barricades became defective, the Church would inform the Police Department, which would replace them. The pastor also testified that on the day of plaintiff's accident, there was nothing wrong with the subject barricade, and that the Church continued to use the barricade after the accident. This testimony along with the testimony of the custodial engineer at the school across the street from the Church that he was not aware of anyone being hurt by the barricades satisfied the City defendants' prima facie burden (see Castore v Tutto Bene Rest. Inc., 77 AD3d 599, 599 [1st Dept 2010]).
In opposition, the Church and plaintiff failed to raise an issue of fact because they did not submit any evidence that the Church did not possess, control, or maintain the barricade that caused plaintiff's accident. It is of no moment that the students from the school across the street also used the play street, as there is no evidence that this special use was a cause of plaintiff's accident (see Santana v City of New York, 282 AD2d 208, 208-209 [1st Dept 2001]).
The court also correctly denied as moot the Church's cross motion to strike the City defendants' answer for failure to produce a witness with knowledge about the ownership, control, and maintenance of the barricade. After the court stayed decision on the City defendants' [*2]summary judgment motion until they produced a witness, the City defendants produced a police officer from the Police Department's Barrier Unit for deposition. He testified that a search regarding the Police Department's loan of the barricade to the Church did not yield any results. The production of the witness complied with the court's discovery order, and there is nothing to indicate that the delay in producing the witness was willful or contumacious.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 21, 2018
CLERK