Jeong Sook Lee-Son v Doe (2019 NY Slip Op 02073)





Jeong Sook Lee-Son v Doe


2019 NY Slip Op 02073


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
JOSEPH J. MALTESE, JJ.


2018-01362
2018-12122
 (Index No. 702136/13)

[*1]Jeong Sook Lee-Son, plaintiff-respondent, 
v
John Doe, etc., et al., defendants, Time Marble and Granite, Inc., et al., defendant-respondent, Hwan Kyun Kim, appellant.


Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Cheven, Keely & Hatzis, New York, NY (Thomas Torto of counsel), for defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Hwan Kyun Kim appeals from (1) an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered December 12, 2017, and (2) an order of the same court entered July 24, 2018. The order entered December 12, 2017, denied the motion of the defendant Hwan Kyun Kim for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The order entered July 24, 2018, also denied the motion of that defendant for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
ORDERED that the appeal from the order entered December 12, 2017, is dismissed, as that order was superseded by the order entered July 24, 2018; and it is further,
ORDERED that the order entered July 24, 2018, is reversed, on the law, the motion of the defendant Hwan Kyun Kim for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted, and the order entered December 12, 2017, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Hwan Kyun Kim.
On October 13, 2011, the plaintiff was a front-seat passenger in a vehicle owned and operated by her husband, the defendant Hwan Kyun Kim (hereinafter the Kim vehicle). The plaintiff
alleges that as the Kim vehicle was proceeding on Higgins Street in Queens, a forklift operated by the defendant "John Doe" and owned by the defendants Time Marble and Granite, Inc. (hereinafter Time Marble), Wei Cheng Flooring, Inc., and New Wei Cheng Flooring, Inc., entered the roadway mid-block from in front of a parked truck without yielding the right-of-way to Kim and struck the front passenger side of the Kim vehicle. The plaintiff subsequently commenced this action against, among others, Kim, to recover damages for personal injuries, alleging that Kim was negligent in, among other things, the ownership and operation of his vehicle. Kim moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The Supreme Court denied the motion in two separate orders, entered December 12, 2017, and July 24, 2018, respectively. Kim appeals from both orders.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Matias v Bello, 165 AD3d 642; Aponte v Vani, 155 AD3d 929; Baulete v L & N Car Serv., Inc., 134 AD3d 753, 754). A driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield to the driver with the right-of-way (see Figueroa v Diaz, 107 AD3d 754, 755; Williams v Hayes, 103 AD3d 713, 713; Vazquez v New York City Tr. Auth., 94 AD3d 870; Boodlall v Herrera, 90 AD3d 590). A driver traveling with the right-of-way may nevertheless be found partially responsible for an accident if he or she did not use reasonable care to avoid the accident (see Todd v Godek, 71 AD3d 872; Cox v Nunez, 23 AD3d 427). "Although a driver with a right-of-way . . . has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only
seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Yelder v Walters, 64 AD3d 762, 764 [citations omitted]; see Yu Mei Liu v Weihong Liu, 163 AD3d 611, 612; Giwa v Bloom, 154 AD3d 921; Fuertes v City of New York, 146 AD3d 936, 937; Bennett v Granata, 118 AD3d 652, 653).
Here, Kim established his prima facie entitlement to judgment as a matter of law by demonstrating that the driver of the forklift negligently entered the roadway mid-block from in front of a parked truck without yielding the right-of-way to Kim, and that such negligence was the sole proximate cause of the accident. The evidence submitted in support of the motion, which included, inter alia, a transcript of the plaintiff's deposition testimony, demonstrated that Kim had, at most, two seconds to react before the forklift struck the passenger side of his vehicle. Thus, Kim demonstrated that he was not negligent for failing to avoid colliding with the forklift (see Criollo v Maggies Paratransit Corp., 155 AD3d 683, 684; Smith v Omanes, 123 AD3d 691, 692; Kenda v Dunn, 117 AD3d 803, 804). In opposition, Time Marble, and the plaintiff, failed to raise a triable issue of fact as to whether Kim was at fault in the happening of the accident.
Accordingly, we disagree with the Supreme Court's determination denying Kim's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
MASTRO, J.P., AUSTIN, COHEN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court