Barreto v 750 Third Owner, LLC (2021 NY Slip Op 02868)





Barreto v 750 Third Owner, LLC


2021 NY Slip Op 02868


Decided on May 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 06, 2021

Before: Renwick, J.P., Kapnick, Singh, Kennedy, JJ. 


Index No. 150514/16 Appeal No. 13767 Case No. 2020-01897 

[*1]Margaret Barreto, Plaintiff-Respondent,
v
750 Third Owner, LLC et al., Defendants-Appellants, Alliance Building Services, LLC et al., Defendants.


Pillinger Miller Tarallo LLP, Elmsford (Patrice M. Coleman of counsel), for appellants.
Law Offices of Michael S. Lamonsoff, PLLC, New York (Romina Tominovic of counsel), for respondents.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about February 20, 2020, which, to the extent appealed from as limited by the briefs, denied defendants 750 Third Owner, LLC, SL Green Operating Partnership, LP, SL Green Realty Corp, and Reckson Operating Partnership, LP's motion for summary judgment dismissing the complaint and any cross claims against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants established prima facie that they did not have actual or constructive notice of the water on their lobby floor that plaintiff alleges caused her to slip and fall (see Gomez v J.C. Penny Corp., Inc., 113 AD3d 571 [1st Dept 2014]; Briggs v Pick Quick Foods, Inc., 103 AD3d 526 [1st Dept 2013]). Their property manager stated in an affidavit that she conducted a search of defendants' records for complaints about water on the lobby floor between January 1, 2015 and July 14, 2015, the date of plaintiff's accident, and found none except for the complaint made by plaintiff after she fell. That someone fell in the lobby while it was raining after stepping off a mat about a year before plaintiff's accident does not raise an issue of fact as to whether defendants had actual notice of the water that caused plaintiff to fall. Plaintiff's own testimony established prima facie that defendants did not have constructive notice of water on the lobby floor; she testified that it was sunny when she left for lunch, that it did not start raining that day until about five minutes before she reentered the building, and that she did not see the water until after she fell (see Perez v River Park Bronx Apts., Inc., 168 AD3d 465, 466 [1st Dept 2019]). A general awareness that the lobby floor could become wet during inclement weather is insufficient to raise a triable issue of fact as to whether defendants had constructive notice of the specific condition that caused plaintiff's fall (Jones v Icahn Assoc. Corp., 173 AD3d 546, 546-547 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2021