Falcon v State of New York (2024 NY Slip Op 02093)

Falcon v State of New York

2024 NY Slip Op 02093

Decided on April 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2024

Before: Renwick, P.J., Kapnick, Shulman, Rosado, O'Neill Levy, JJ. 

Appeal No. 2088 Case No. 2023-05659 

[*1]Nancy Falcon, Claimant-Appellant,
v
The State of New York, Defendant-Respondent.

Shimko Law P.C., Brooklyn (Daniel S. Shimko of counsel), for appellant.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for respondent.

Judgment of the Court of Claims of the State of New York (David A. Weinstein, J.), entered July 5, 2023, after a bench trial on the issue of liability, dismissing claimant's personal injury claim, unanimously affirmed, without costs.
A fair interpretation of the credible evidence supports the findings of the court that the State lacked actual or constructive notice of the small amount of water on which the claimant allegedly slipped while walking 0n a white tiled floor surface near a nurses' station at defendant's medical facility. No nonhearsay, noncontradictory, credible evidence was offered that would support a finding that the alleged water condition was observed by other passersby prior to the claimant's fall at the location of the fall. Nor was there evidence the water condition on the floor was discolored or otherwise dirty that might support an inference the alleged hazard had existed for a sufficient length of time to be discovered and remedied or have warnings erected to give notice as to its existence (see Mercer v City of New York, 88 NY2d 955, 956 [1996]; Gordon v American Museum of Natural History, 67 NY2d 836, 836 [1986]).
To the extent the claimant argues that water spills would regularly occur on the floor where she resided due to a facility policy that encouraged patients to carry around water containers for hydration purposes because of the medications they were prescribed, and that the medical staff therefore had actual knowledge of ongoing, reoccurring water-hazard conditions on the floor that would routinely be left unaddressed, such argument is unavailing (see Dennis v Bartow Stationery, 28 AD3d 238 [1st Dept 2006]). There was no evidence that the spills re-occurred at any particular location (see Lance v Den-Lyn Realty Corp., 84 AD3d 470, 471 [1st Dept 2011]; Colbourn v ISS Intl. Serv. Sys., 304 AD2d 369 [1st Dept 2003]). A defendant's general awareness that a dangerous condition may be present is legally insufficient to constitute constructive notice of a particular condition which caused a claimant's injury (see Solazzo v New York City Tr. Auth., 6 NY3d 734, 735 [2005]; Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]). On this record, there is no evidence, only speculation, offered in an attempt to establish a reasonable inference that the container practice identified by the claimant was the cause of and/or source of the spill on which she fell (see Castore v Tutto Bene Rest. Inc., 77 AD3d 599 [1st Dept 2010]).
We have considered claimant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2024