## Castillo v Liberty House, L.L.C.

2025 NY Slip Op 31002(U)

March 27, 2025

Supreme Court, New York County

Docket Number: Index No. 159247/2023

Judge: James G. Clynes

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. JAMES G. CLYNES**                    PART                 **22**

*Justice*

-----------------------------------------------------------------------X

JEYFRI CASTILLO,

                                                    **INDEX NO.**        159247/2023

                          Plaintiff,                **MOTION DATE**      05/07/2024

              - v -                                 **MOTION SEQ. NO.**      001

LIBERTY HOUSE, L.L.C., PLUMB LINE LLC, LEE AMY
SUR-TRAVINO                                          **DECISION + ORDER ON
                                                    MOTION**

                          Defendants.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 16,
21, 22, 23, 24, 25

were read on this motion to/for                     _____JUDGMENT - SUMMARY_____.

Upon the foregoing documents, the motion by plaintiff Jeyfri Castillo pursuant to CPLR 3212 for an Order granting summary judgment on liability in favor of plaintiff and dismissing defendants' affirmative defenses alleging culpable conduct (Defendants' Second Affirmative Defense [culpable conduct by third parties], Third Affirmative Defense [culpable conduct by plaintiff], and Sixteenth Affirmative Defense [plaintiff's actions were the sole proximate cause of the alleged occurrence]), failure to mitigate by plaintiff (Defendant's' Tenth Affirmative Defense), superseding cause (Defendants' Sixth Affirmative Defense), emergency doctrine (Defendants' Thirteenth Affirmative Defense), assumption of the risk (Defendants' Fifteenth and Sixteenth Affirmative Defenses), and failure to wear a seatbelt (Defendants' Fifth Affirmative Defense) are decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of an August 20, 2023 motor vehicle accident between a scooter operated by Castillo and a vehicle owned by defendant Liberty House LLC and operated by defendant Amy Sur-Travino (Sur-Travino).

Plaintiff contends that Defendants' negligence was the sole proximate cause of this accident. In support of his motion, plaintiff relies on a certified police accident report identifying the parties and vehicles involved in the accident and providing the drivers' account of the accident to the responding officer and plaintiff's affidavit in which he avers that he was wearing a helmet

[* 1]

while operating his scooter, traveling straight within the left lane on Chrystie Street at approximately 10-15 miles per hour when the defendant's vehicle, which was in the right lane entered Castillo's lane and made contact with his scooter and that at the time of contact defendant's vehicle was partially in the left lane and partially in the right lane.

In opposition, defendants rely on the affidavit of defendant driver Sur-Travino, in which she avers that she was operating the vehicle owned by defendant Liberty House LLC with the owner's permission and travelling north at 20 miles per hour for about 15-20 seconds in light to moderate traffic in the right lane on Chrystie Street near the intersection with Broome Street, that she intended to make a u-turn, that she turned on her left blinker while she was still in the right lane, that before leaving the right lane she looked in her rearview mirror, side mirrors and an additional "blind spot" mirror twice, that no one was traveling immediately behind her in the right lane or in the adjacent left lane, that she slowed her vehicle to 5 miles per hour and entered the left lane, that about 1-2 seconds after her vehicle entered the left lane plaintiff's scooter made contact with the driver's side rear of her vehicle as she was turning, that plaintiff apologized to her after the accident for failing to notice her turn signal, and that it is her understanding that "plaintiff must have changed lanes abruptly and without notice to the left lane in what appeared to be in excess of the speed limit, based upon the speed with which he appeared and the force of impact, in an attempt to pass my vehicle in the left lane after I slowed down."

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, producing sufficient evidence to demonstrate the absence of any material issue of fact. Once this showing has been made, the burden shifts to the non-moving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003] citing *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Vehicle and Traffic Law (VTL) 1128 (a) relates to driving on roadways laned for traffic and provides that whenever any roadway has been divided into two or more clearly marked lanes for traffic, a vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety (see VTL 1128 [a]).

VTL 1160 (e) relates to the required position and method of turning at intersections and provides that u-turns shall be made from and to that portion of the highway nearest the marked

159247/2023 CASTILLO, JEYFRI vs. LIBERTY HOUSE, L.L.C. ET AL
Motion No. 001

Page 2 of 4

2 of 4

center line. Where more than one lane of a highway has been designated for left turns, U-turns shall be made only from the lane so designated that is adjacent to the marked center line.

Section 4-05 of the New York City Traffic Rules relates to turns and provides that operators of vehicles shall not make a U-turn upon any street in a business district, as defined in VTL 105 (34 RCNY 4-05 [b] [1]) and that the operator of a vehicle shall not make a U-turn upon any street outside a business district unless such turn is made without interfering with the right-of-way of any vehicle or pedestrian (34 RCNY 4-05 [b] [2])..

VTL 105 defines a "business district" as the territory contiguous to and including a highway when within any six hundred feet along such highway there are buildings in use for business or industrial purposes, including but not limited to hotels, banks, or office buildings, railroad stations, and public buildings, which occupy at least three hundred feet of frontage on one side or three hundred feet collectively on both sides of the highway (VTL 105).

Plaintiff established prima facie entitlement to judgment as a matter of law on the issue of liability. As set forth in defendants' Answer, there is no dispute that defendant Sur-Travino was operating the vehicle involved in the accident with the consent of its owner defendant Liberty House, LLC. Plaintiff established that he was traveling with the right-of-way when Defendant entered his lane while attempting to make a U-turn in front of plaintiff's scooter (*see VTL 1128 [a], 1160 [e]. and 34 RCNY 4-05; Criollo v Maggies Paratransit Corp.*, 155 AD3d 683 [2d Dept 2017]).

Plaintiff's submission establishes that the illegal U-turn made by Sur-Travino from the right lane of traffic into the left lane of traffic where plaintiff was traveling was the proximate cause of the accident. Sur-Travino's speculation that "plaintiff must have changed lanes abruptly and without notice to the left lane in what appeared to be in excess of the speed limit, based upon the speed with which he appeared and the force of impact, in an attempt to pass my vehicle in the left lane after I slowed down," is insufficient to raise a material and triable issue of fact (*Johnson v Phillips*, 261 AD2d 269 [1st Dept 1999]; *Castore v Tutto Bene Rest. Inc.*, 77 AD3d 599 [1st Dept 2010]). In opposition, defendants failed to raise any issue of fact to preclude liability in favor of plaintiff (*see Morales v Chuquillanqui*, 159 AD3d 605 [1st Dept 2018]). Plaintiff had no duty to anticipate another driver's sudden, illegal maneuver (*see e.g. Ward v Cox*, 38 AD3d 313 [1st Dept. 2007]).

159247/2023  CASTILLO, JEYFRI vs. LIBERTY HOUSE, L.L.C. ET AL
Motion No. 001

Page 3 of 4

Plaintiff's motion for summary judgment on liability in favor of plaintiff and against defendants is granted. There is no evidence of culpable conduct by plaintiff or third parties, failure to mitigate by plaintiff, superseding cause, emergency doctrine, assumption of the risk by plaintiff, or failure to use a seatbelt by plaintiff (who was riding a scooter). Accordingly the portion of plaintiff's motion seeking dismissal of defendants' affirmative defenses alleging culpable conduct (Defendants' Second Affirmative Defense [culpable conduct by third parties], Third Affirmative Defense [culpable conduct by plaintiff], and Sixteenth Affirmative Defense [plaintiff's actions were the sole proximate cause of the alleged occurrence]), failure to mitigate by plaintiff (Defendants' Tenth Affirmative Defense), superseding cause (Defendants' Sixth Affirmative Defense), emergency doctrine (Defendants' Thirteenth Affirmative Defense), assumption of the risk (Defendants' Fifteenth and Sixteenth Affirmative Defenses), and failure to wear a seatbelt (Defendants' Fifth Affirmative Defense) is granted and those affirmative defenses are dismissed. Accordingly, it is

ORDERED that the motion by plaintiff for summary judgment on the issue of liability is granted in favor of plaintiff and against defendants Liberty House, LLC and Lee Amy Sur-Travino; and it is further

ORDERED that the portion of the motion seeking dismissal of defendants' affirmative defenses is granted to the extent that defendants' Second (culpable conduct by third parties), Third (culpable conduct by plaintiff), Fifth (failure to wear seat belt), Sixth (superseding cause), Tenth (failure to mitigate by plaintiff), Thirteenth (emergency doctrine), Fifteenth (assumption of the risk) and Sixteenth (plaintiff's actions were the sole proximate cause of the alleged occurrence) Affirmative Defenses are dismissed, and it is further

ORDERED that within 30 days of entry, plaintiff shall serve a copy of this Decision and Order upon all parties with Notice of Entry.

This constitutes the Decision and Order of the Court.

| 3/27/2025 | | |
|---|---|---|
| DATE | | JAMES G. CLYNES, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

159247/2023   CASTILLO, JEYFRI vs. LIBERTY HOUSE, L.L.C. ET AL          Page 4 of 4
Motion No. 001

4 of 4

[* 4]