[985 NE2d 1225, 963 NYS2d 164]

JOSE MONTAS, Appellant, v JJC CONSTRUCTION CORPORATION et al., Respondents.

Argued January 2, 2013; decided February 7, 2013

### APPEARANCES OF COUNSEL

*Pollack, Pollack, Isaac & DeCicco, LLP*, New York City (*Michael H. Zhu* and *Brian J. Isaac* of counsel), for appellant.

*Mitchell Silberberg & Knupp LLP*, New York City (*Lauren J. Wachtler* of counsel), for JJC Construction Corporation, respondent.

*Michael A. Cardozo, Corporation Counsel*, New York City (*Omar Nasar, Francis F. Caputo* and *Margaret G. King* of counsel), for City of New York and another, respondents.

### OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

On September 11, 1999, while walking in the Bronx after dark with his cousin near a concrete barrier and fence cordoning off roadway construction, plaintiff Jose Montas stepped over a two-by-four piece of lumber and into what he characterized as "sand and construction debris," which allegedly caused him to lose his footing and fall, thereby injuring his right knee. Defendants City of New York and the New York City Department of Transportation (collectively, the City) had contracted with defendant JJC Construction Corporation (JJC) to perform the roadway work (reconstruction of an overpass) near the accident site.

At trial, plaintiff identified photographs of the area where he fell, which showed whitish sand or a chalky substance on the ground just outside the confines of JJC's work site. He testified that this material was similar to the sand and debris that caused him to slip; plaintiff also testified that while he "felt the sand underneath [his] foot when [he] fell down," he did not actually see what caused him to fall. In trying to identify the material on which he slipped to the "best of [his] ability," plaintiff asserted that what he called sand must have come from the cutting of concrete at JJC's work site. The City's project engineer, subpoenaed as a witness by plaintiff, testified that the scaffolding shown in the photograph that plaintiff said depicted the area where he fell ran along an adjacent building, which was faced with brick, where another contractor was performing construction work; further, he never observed or received any complaints about sand or debris in the area where plaintiff fell. The defense called JJC's president, who identified the material shown in the pictures as debris from the nearby building that was undergoing brick pointing work (removing and replacing old mortar). Plaintiff testified that he believed the building in question had a wood facade, and that he had not seen any construction work there. Photographs produced at trial showed that the building's facade was, in fact, brick.

Defendants moved for a directed verdict at the end of plaintiff's case, and again at the close of evidence. Supreme Court granted the second motion and dismissed the complaint. The judge concluded that plaintiff's (and his cousin's) testimony that the sand originated from JJC's cutting and chopping of concrete for the roadway project was "more suggestion than proof," and was insufficient, especially in light of the testimony about the nearby pointing project, for the case to go to the jury.

The Appellate Division affirmed, with two Justices dissenting (92 AD3d 559 [1st Dept 2012]). The majority agreed with the trial court, noting that

> "[w]here the facts proven show that there are several possible causes of an injury, for one or more of which the defendant was not responsible, and it is just as reasonable and probable that the injury was the result of one cause as the other, plaintiff cannot have a recovery, since he has failed to prove that the negligence of the defendant caused the injury" (*id.* at 560 [internal quotation marks omitted]).

The dissenting Justices saw two possible sources for the debris— JJC's concrete work and the nearby brick pointing work—and argued that the jury should have resolved the issue. Plaintiff appeals as of right by virtue of the two-Justice dissent, and we now affirm.

The issue presented on this appeal is whether there was any proper basis on which a jury might have found in plaintiff's favor on his negligence claim. Here, there was not. Plaintiff slipped on sand in a public roadway; he did not submit a sample or photograph of the material allegedly causing him to fall, and his proof essentially consisted only of his (and his cousin's) insistence that one of two nearby contemporaneous construction projects must have been the source of the sand. As the Appellate Division observed, "it is just as likely that the accident was caused by debris from the pointing project as by debris from the roadway project, and any determination by the [jury] as to the cause of the accident would be based upon sheer speculation" (*id.* at 561).

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH and PIGOTT concur.

Order affirmed, with costs, in a memorandum.