Rankin v Town of N. Hempstead (2023 NY Slip Op 00454)

Rankin v Town of N. Hempstead

2023 NY Slip Op 00454

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2019-10245
 (Index No. 13540/11)

[*1]Scott. Rankin, etc., plaintiff, 
v
Town of North Hempstead, et al., defendants, Gwendolyn Oliphant, defendant third-party plaintiff-respondent; Schmergel Enterprises Corp., third-party defendant-appellant.

The Cariello Law Firm, Uniondale, NY (Edgar Matos of counsel), for third-party defendant-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), entered July 3, 2019. The order, insofar as appealed from, denied the third-party defendant's motion for summary judgment dismissing the third-party complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the third-party defendant for summary judgment dismissing the third-party complaint is granted.
On June 24, 2010, the plaintiff's decedent (hereinafter the decedent) was driving through Great Neck when it began to rain heavily due to a microburst storm that knocked down telephone poles in the area. The decedent testified at his deposition that, since he could not see through the downpour, he pulled his vehicle over and parked in front of the home of the defendant third-party plaintiff, Gwendolyn Oliphant. Shortly thereafter, a tree branch crashed through his windshield and pierced his leg. Both the decedent and Oliphant testified at their depositions that they did not know where the branch came from.
After the plaintiff's decedent commenced this action to recover damages for personal injuries against Oliphant, among others, Oliphant commenced a third-party action against the third-party defendant, Schmergel Enterprises Corp. (hereinafter Schmergel). Oliphant contended that the branch fell from a tree located on premises adjacent to her home which were managed by Schmergel. The Supreme Court denied Schmergel's motion for summary judgment dismissing the third-party complaint, and Schmergel appeals.
In a premises liability case, "a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her injury without engaging in speculation" (Mercurio v Dayton, 207 AD3d 456, 457 [alterations and internal quotation marks omitted]; see Theard v G. Fazio Constr. Co., Inc., 192 AD3d 942, 944).
Here, Schmergel established its prima facie entitlement to judgment as a matter of law dismissing the third-party complaint by submitting the transcripts of the decedent's and [*2]Oliphant's deposition testimony, demonstrating that neither the decedent nor Oliphant could identify from whose property the branch which injured the decedent had originated. Thus, any finding that Schmergel's negligence, if any, in maintaining the trees on its property proximately caused the decedent's injuries would be based on impermissible speculation (see Montas v JJC Constr. Corp. 20 NY3d 1016; Chang v Marmon Enters., Inc., 172 AD3d 678, 679; Vojvodic v City of New York, 148 AD3d 1086, 1087). In opposition, Oliphant failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted Schmergel's motion for summary judgment dismissing the third-party complaint.
IANNACCI, J.P., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court