Rag Herkimer, LLC v Glider Oil Co., Inc. (2024 NY Slip Op 02402)

Rag Herkimer, LLC v Glider Oil Co., Inc.

2024 NY Slip Op 02402

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, MONTOUR, NOWAK, AND KEANE, JJ.

83 CA 23-00910

[*1]RAG HERKIMER, LLC, PLAINTIFF-RESPONDENT,
v
THE GLIDER OIL COMPANY, INC., DEFENDANT-APPELLANT. 

BOND, SCHOENECK & KING PLLC, SYRACUSE (J.P. WRIGHT OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LONGSTREET & BERRY, LLP, FAYETTEVILLE (MICHAEL J. LONGSTREET OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Herkimer County (Charles C. Merrell, J.), entered May 18, 2023. The order and judgment, inter alia, awarded plaintiff money damages. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the motion for a directed verdict is granted, and the complaint is dismissed.
Memorandum: Plaintiff commenced this action to recover the costs of remediation after petroleum contamination was discovered in the soil on property owned by plaintiff and leased to defendant, on which defendant operated a gas station. Following motion practice, the matter proceeded to trial on the issue of damages, which resulted in a verdict in favor of plaintiff. Defendant appeals from an order and judgment that, inter alia, denied defendant's motion during trial for a directed verdict pursuant to CPLR 4401 and its motion to set aside the verdict pursuant to CPLR 4404 (a) and awarded plaintiff a money judgment against defendant.
We agree with defendant that it was entitled to a directed verdict. Even affording plaintiff every inference that may properly be drawn from the evidence presented at trial and considering the evidence in the light most favorable to plaintiff (see Senycia v Vosseler, 217 AD3d 1520, 1521 [4th Dept 2023]), we conclude that there is no rational process by which the jury could have found that payments were made by plaintiff for remediation. Instead, the evidence established that any such payments were made by a managing agent, nonparty Gibraltar Management, which was not the property owner nor a party to the lease. We conclude that the jury's determination that billing Gibraltar Management resulted in payment by plaintiff could only have been reached "based upon sheer speculation" (Montas v JJC Constr. Corp., 20 NY3d 1016, 1018 [2013] [internal quotation marks omitted]; see Maxon Intl. v International Harvester Co., 82 AD2d 1006, 1007 [3d Dept 1981], affd for reasons stated 56 NY2d 879 [1982]).
Therefore, we reverse the order and judgment, grant the motion for a directed verdict, and dismiss the complaint.
Based on our determination, we do not reach defendant's remaining contentions.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court